## H. R. McCOMBS v. THE STATE.

### No. 3651. Decided December 19, 1906.

**1.—Bigamy—Prior Marriage—Definition of Crime.**

In a prosecution for bigamy, if the prior marriage is a nullity, a subsequent marriage cannot constitute the offense of bigamy.

**2.—Same—Prima Facie Case—Presumption.**

In a prosecution for bigamy if it be conceded that cohabitation, reputation and holding out of the parties by themselves to the world as married people, makes a prima facie case; still, where such marriage was based upon a void marriage contract alone, and was bigamous in its character, this would absolutely meet and overcome any presumption arising from cohabitation.

**3.—Same—First and Subsequent Marriages—Case Stated.**

Where in a prosecution for bigamy, the evidence showed that defendant was legally married by virtue of a marriage license; that while this marriage existed, he entered into a bigamous marriage by virtue of a second marriage license; and about a year thereafter, the first wife obtained a divorce from him; that he continued to live with his second wife (who believed she was legally married to defendant by reason of the second marriage license) for about a year longer, when he finally separated from her, and some two or three years thereafter married a third wife by virtue of a marriage license, whereupon he was charged with bigamy. Held, that the prosecution could not be maintained. It is essential in this crime that the preceding marriage must be legal, and the next illegal; and inasmuch as the marriage preceding defendant's last marriage was void and the last one legal, he was guilty of no offense. Brooks, Judge, dissenting.

Appeal from the District Court of Ellis. Tried below before the Hon. J. E. Dillard.

Appeal from a conviction of bigamy; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*W. P. Hancock* and *Tom Connally,* for appellant, cited cases given in opinion.

*J. E. Yantis,* Assistant Attorney-General, and *Mark Smith,* County Attorney, for the State.—Cited: Poole v. People, 65 Am. St. Rep., 245; Eaton v. Eaton, 92 N. W. Rep., 995; Manning v. Spurck, 65 N. E. Rep., 342; Edelstein v. Brown, 95 S. W. Rep., 1126; People v. Beevers, 99 Cal., 286; Yates v. Houston, 3 Texas, 450; Engersol v. McWillie, 9 Texas Civ. App., 543; Parker v. State, 77 Ala., 47.

DAVIDSON, PRESIDING JUDGE.—This prosecution was for bigamy. Appellant was married in McLennan County on March 6, 1879, to

Emma Price, by virtue of a marriage license. While this marriage was undissolved by death or divorce, appellant entered into a bigamous marriage with Donne Wooten, on December 27, 1890, by virtue of a marriage license issued by the county clerk of Robertson County. In September, 1891, the first wife, Emma, entered suit in Bexar County for divorce against appellant. Service was accepted by appellant and on October 19, 1891, a decree of divorce was rendered in her favor dissolving the marital relation between herself and appellant. Appellant continued to live with Donne Wooten under his bigamous marriage until about 1902 or 1903, when a final separation occurred between them on July 27, 1905.. Some two or three years after his separation from Donne Wooten, appellant married Annie Langston by virtue of a marriage license issued by the county clerk of Ellis County. By reason of this marriage the bigamy is alleged in this case. These facts are undisputed. It may be further stated that appellant and Donne Wooten were known as husband and wife wherever they resided from the time they were married in 1890, until their separation; that two children were born to them, by reason of their living together. It is also an undisputed fact, proved by both sides, that the only marital contract or agreement entered into between Donne Wooten and appellant was by virtue of the license issued from Robertson County. Donne Wooten testified that she had never heard of appellant's marriage to Emma Price, until the institution of this prosecution, and that she never heard or had any intimation of the divorce proceeding between appellant and his first wife; and that the only marital contract ever entered into between herself and appellant was by reason of the license issued from Robertson County. This is a sufficient statement of the case to bring in review the questions discussed.

Exception was reserved to the court's charge, which in effect instructed the jury that the law would presume that the marriage entered into between Donne Wooten and appellant was legal; that is, the law would presume that Donne McComb was the legal wife of defendant at the time he separated from her. Appellant sought to cure this by special instruction to the effect that before appellant could be convicted, the evidence must show beyond a reasonable doubt that the marriage to Donne Wooten or Donne McComb was a valid legal marriage, and if there was a reasonable doubt on this point, then appellant was entitled to an acquittal. We believe that the charge given by the court was wrong, and that requested by appellant correctly stated the law. Marriage is a contract and must be shown by the evidence, whenever it becomes an issue. The law does not presume against the innocence of a party even on a disputed question of fact. The charge was especially harmful in this case, because the uncontroverted evidence, both for the State and appellant, demonstrates the fact that the marriage between Donne Wooten and appellant, by virtue of the license, was void, and at the time entered into was bigamous.

If the facts in this case show a marriage at all, it was by reason of the fact of living together and holding each other out to the world as husband and wife. The result of this testimony is but a presumption that a marriage had occurred between them, which the facts demonstrates did not occur, otherwise than the bigamous one, by virtue of the Robertson County license.

There are some other questions that might require a reversal by reason of the bills of exception reserved, which we deem unnecessary to discuss, in view of the main question to be discussed.

We believe that this case can be disposed of upon what we deem the main question, to wit: whether or not the evidence supports the conviction, and whether or not the marriage entered into with Annie Langston is bigamous. We are of opinion that it is not, and that the marriage with her was legal; and that there was no such marital relations existing between Donne Wooten and appellant as to constitute the marriage with Annie Langston bigamous. As before stated, the undisputed evidence shows that the only marital contract entered into between Donne Wooten and appellant was by reason of the marriage license issued in Robertson County and executed in December, 1890. She was used as a witness and emphatically testified that there was no other contract between them, and that she was in absolute ignorance during her entire cohabitation with appellant, that he had ever been married to and divorced from his first wife, Emma Price. This was shown to be void by reason of the marital relation existing between appellant and his first wife, Emma Price. Now, if the marital relation existed between appellant and Donne Wooten, it was by reason of the fact that he lived with her for several years, and they held each other out as husband and wife. Reputation and cohabitation, with the consent of parties living together, may furnish prima facie evidence or presumption of a prior marriage. Concede that rule to obtain in prosecutions for bigamy (which is not here discussed), then the effect of this testimony makes but a prima facie case. A case made prima facie by the evidence is always subject to rebutting testimony. This court in Floeck v. State, 34 Texas Crim. Rep., 314, held, that prima facie evidence is merely proof of the case upon which the jury may find a verdict, unless rebutted by other evidence. In other words, prima facie evidence is not conclusive, but such as may be overcome by evidence to the contrary. Such evidence is to be weighed together with the other evidence, and in connection with the reasonable doubt and the presumption of innocence which obtains in all criminal trials. The rule may be tersely and correctly thus stated: "A prima facie case is that which is received or continues until the contrary is shown. Prima facie evidence means evidence which is sufficient to establish the fact, unless rebutted. Evidence which standing alone and unexplained, would maintain the proposition and warrant the conclusion to support which it is introduced." (22 Amer. & Eng. Ency. of Law, 2nd ed., 1294, and notes for cited authorities.)

If it be conceded that cohabitation, reputation and holding out of the parties by themselves to the world as married people, makes a prima facie case, this would be the limit, and would be sufficient in the absence of further testimony to authorize the conclusion of a marriage. In this case, the facts are not only uncontroverted, but proved by both sides, that no marital contract had ever been entered into between the parties, except the bigamous marriage in Robertson County, which was totally void. Donne Wooten testified positively that she had never entered into any contract with appellant, and swears that she would not have lived with him had she known of his prior marriage or of the divorce proceedings; that the matter was never under discussion between them, and that she had never heard of appellant's prior marriage. This absolutely meets and overcomes any presumption arising from cohabitation.

In marrying Donne Wooten appellant perpetrated a fraud upon her, and upon the law, and for which, had he been indicted, he would have been consigned to the penitentiary. A criminal act of this sort, and one which would have rendered him guilty of an infamous offense, cannot be the basis of a legal contract. It being not only a violation of the law, but was a fraud perpetrated upon his innocent victim, Donne Wooten. Under the holding of a majority of this court, this would have constituted rape by fraud. Lon Lee v. State, 44 Texas Crim. Rep., 354. Possibly had Donne Wooten ascertained the facts in regard to the previous marriage and divorce, and then consented to live with appellant, as his wife, a different question might arise in regard to their marital relations; but her testimony, as well as defendant's excludes this idea, and all idea of the ratification on her part of the previous illegal marriage. It is true that appellant was in the wrong and perpetrated this fraud upon the law and upon Donne Wooten; but this does not make a marital contract. Lee v. State, supra. If the original marriage between Donne Wooten and appellant was void, then there are no facts in this case, which show a subsequent marriage. On the contrary every fact disproved any subsequent contract of marriage between the parties, and Donne Wooten expressly disavows that she ever entered into any contract except by virtue of the marriage license.

As we understand the record, there was no attempt made to show a common law marriage, and Donne Wooten and appellant by their testimony, both destroy any such presumption or conclusion otherwise than as the facts are above stated. Without going further into a discussion of the evidence, we are of opinion that it does not support the conviction, and that there was no marital contract within the purview of our statute in regard to bigamy between Donne Wooten and appellant that would form the basis of a legal contract, and that the marriage between appellant and Annie Langston was not in violation of the law. Halbrook v. State, 34 Ark., 511, 36 Amer. Rep., 17; Lady Madison's case, reported in 1 Hale's Pleas to the Crown, p. 693; State v. Good-

rich, 14 West Va., 834; Keneval v. State, 64 S. W. Rep., 897; 1 Yerg. 186-7, 43 Mich., 41; 3 Ency. of Plead & Prac., 325, 326. 3 Greenleaf's Ev., sec. 208. These cases are authority for the proposition that, if the prior marriage is a nullity, a subsequent marriage cannot constitute the offense of bigamy. In Halbrook's case, supra, it was said: "Upon the hypothecated facts the case would have been similar on principle, to Lady Madison's case, reported in 1 Hale's Pleas to the Crown, p. 693, thus: 'A takes B to husband in Holland, and then in Holland takes C to husband, living B and then B dies, and living C marries D, this is not marrying a second husband, the former being alive, for the marriage to C, living B, was simply void, and so he was not her husband; but if B had been living, this had been felony to marry D in England; ruled at Newgate sessions. about 1648, in the Lady Madison case.' Mr. Greenleaf, after stating the points that the State is required to prove, as above, adds: 'The defense may be made by disproving either of the points above stated. Thus, where a woman married a second husband abroad, in the lifetime of the first, and afterwards the first died, and then she married a third in England, in the lifetime of the second, and for this third marriage she was indicted; upon proof that the first husband was living when the second marriage was had, it was held a good defense to the indictment: the second marriage being a nullity, and the third therefore valid.' 3 Greenl. Ev., sec. 208, citing Lady Madison's case; State v. Goodrich, 14 W. Va., 834." In addition to the authorities already cited, we might cite Hull v. State, 7 Texas Crim. App., 594; Cuneo v. De Cuneo, 59 S. W. Rep., 284; Hiler v. People, 47 Am. St. Rep., 221; Dumas v. State, 14 Texas Crim. App., 468; Cartwright v. McGown, 2 Am. St. Rep., 106; Jenkins v. Jenkins, 20 Am. St. Rep., 318; Collins v. Voorhees, 24 Am. St. Rep., 412; Voorhees v. Voorhees, 19 Am. St. Rep., 404; Williams v. Williams, 53 Am. Rep., 253; Gathings v. Williams, 44 Am. Dec., 49; Lowery v. People, 64 Am. St. Rep., 50; Rose v. Rose, 67 Mich., 619; Cram v. Burnham, 5 Greenleaf, 213; State v. Worthington, 23 Minn., 528; Weatherford v. Weatherford, 20 Ala., 548.

The marriage between appellant and Donne Wooten being void, appellant was not guilty of the crime of bigamy in marrying Annie Langston. Whatever may be the rule in civil cases in regard to the legitimacy of children, or the rights of property under doubtful marital relations; in criminal cases there must be a prior marriage valid in law to constitute a second marriage bigamous. The presumption of innocence and reasonable doubt does not arise in a civil case as in a criminal prosecution, and an attempted marriage which is void and one that cannot exist in law, cannot form the basis of a prosecution for bigamy on a subsequent marriage that is legal. It is essential in this crime that the first marriage must be legal and the second illegal. It is not sufficient to support a conviction for this offense to

show that the first is illegal and the second legal. Therefore, under the facts as presented, this conviction is not sustained.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, dissents.