### G. M. GOAD v. THE STATE.

No. 3428. Decided April 24, 1907.

**Bigamy—Marriage—Living Wife—Necessary Proof.**

In a prosecution for bigamy it is necessary that the State must not only prove the two marriages, but it must prove the first marriage alleged in the indictment, that the defendant is the same person alleged in the first marriage, and that the identical woman to whom the defendant was first married was living at the time of the consummation of the second marriage.

Appeal from the District Court of Gonzales. Tried below before the Hon. W. D. C. Jones, Special Judge.

Appeal from a conviction of bigamy; penalty, two years imprisonment in the pentitentiary.

The opinion states the case.

*W. B. Green,* for appellant.—On question of evidence on marriage: Patterson v. State, 17 Texas Crim. App., 102. On question of necessary proof, in prosecution for bigamy: May v. State, 4 Texas Crim. App., 424; Dumas v. State, 14 Texas Crim. App., 464.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of big-amy. There are several very interesting questions presented for review, but in the light of the record we deem it unnecessary to discuss all of them.

It is contended that the evidence does not support the conviction, and in our opinion it does not. Appellant married Mrs. Mary A. Johnson in Gonzales County during the year 1906. The former marriage is alleged to have occurred in Tennessee in 1893. In order to sustain this conviction the evidence must show that at the time appellant married the second time, that he had been previously married, and that the former wife was living at the time of the second marriage. A certified copy of a marriage license was introduced in evidence purporting to have been signed by the county clerk of Tipton County, Tennessee, issued in favor of G. M. Goad to be married to M. L. Mashburn. The indictment charged that the former wife was formerly M. L. Mashbum before she married G. M. Goad. There is a question of variance suggested between the name Mashbum and Mashburn. We would suggest, if the prosecution should be continued, that a new indictment be found so as to meet this alleged variance. There is no evidence, as we understand the record, to indentify appellant as being the G. M. Goad who married M. L. Mashbum or Mashburn in Tennessee other than his statement made under arrest that "he had a wife and four children in Tennessee." There is nothing to indicate further than that statement that he was ever married in Tennessee, or that he was ever in Tipton County, Tennessee, or that he had married M. L. Mashbum or Mashburn in Tennessee. His confession does not go to the extent of proving that he was married to the person named in the indictment, nor is there any evidence that we have been able to discover in the record that shows at the time of his marriage to Mrs. Johnson in Gonzales County that he had a living wife in Tennessee, much less the wife alleged in the indictment. There is nothing to identify this Goad with the Goad mentioned in the license except his statement that he left a wife and four children in Tennessee. In order to sustain this conviction, the State must not only prove the two marriages, but it must prove the first marriage, and it must prove the first marriage alleged in the indictment, and, of course, the identification of appellant, if it was appellant, must be shown as being the same person whose name was mentioned in the license issued and which is supposed to have solemnized the first marriage. And it must be further shown that the identical woman to whom he was first married by virtue of the first marriage was living at the time of the consummation of the second marriage. This has not been done in this record, as we understand it, neither directly or indirectly, either by positive or circumstantial evidence. Appellant may be the party who married in Tennessee and his first wife may be living, but it must be shown.

As we view the case the evidence is insufficient and we pretermit a discussion of the remaining questions. The judgment is reversed and the cause is remanded.

*Reversed and dismissed.*

Brooks, Judge, absent.