## KENNETH ROGERS, ALIAS MARK MORTON, v. THE STATE.

### No. 5058. Decided June 5, 1918.

**Bigamy—Previous Marriage—Insufficiency of the Evidence.**

To authorize a conviction, in a trial for bigamy, it is necessary that the State prove that at the time defendant married the alleged second wife he had been previously legally married to another woman, who was living at the time the offense was committed, and in the absence of some further proof of identity than that developed upon trial, the conviction could not be sustained. Following Goad v. State, 51 Texas Crim. Rep., 393.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of bigamy; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Oscar H. Calvert,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant's conviction was for the offense of bigamy. It was shown that under the name of Morton he about the 12th day of February, 1918, was married in Dallas County, Texas, to Gene Crockett. The State introduced a marriage certificate showing

that on the 19th day of July, 1913, Kenneth C. Rogers was married to Anna L. Boucher, in the State of Michigan. A witness testified that appellant some time prior to the last marriage admitted that his name was not Morton but that his name was Kenneth Rogers; that he assumed that name of Morton because he could not get along with his brothers. This is the entire evidence as shown by the statement of facts.

The statute defining bigamy, article 481, P. C., contains the following: "If any person who has a former wife or husband living shall marry another in this State such person shall be punished," etc. To authorize the conviction of appellant it was necessary that the State prove that at the time he married Miss Crockett in Dallas he had been previously legally married to another woman who was living at the time the offense was committed. Goad v. State, 51 Texas Crim. Rep., 393. In the absence of some further proof of identity than that developed upon the trial we think the evidence is insufficient to show that appellant is the person who was married in Michigan as shown by the marriage certificate mentioned. That certificate shows that in 1913 Kenneth C. Rogers married Anna L. Boucher. There is no further evidence of the identity of appellant with the bridegroom mentioned in the certificate than the fact that a witness testified that while they were drinking together appellant told him that his name was Kenneth Rogers. No fact or circumstance was introduced to further show his identity with the person named in the certificate. The evidence of identity was stronger in the case of Goad v. State, supra, and was there held insufficient. The statement of facts brought up by the record failing to establish by sufficient evidence that the appellant is the same person who married in the State of Michigan in 1913, the evidence is insufficient to sustain the conviction. It is further insufficient in failing to show that at the time appellant married in Dallas his former wife was living.

The procedure complained of in bill of exception No. 1, and the argument referred to in bill of exception No. 6 are matters that will doubtless not occur upon another trial and their discussion is unnecessary.

The other bills present no error. Because the evidence is insufficient, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*