S. A. JONES, alias GUS JONES v. THE STATE.

No. 11017.  Delivered February 29, 1928.
Rehearing granted May 15, 1929.

The opinion states the case.

*Oxford & Oxford* of Plainview, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for bigamy; punishment, three years in the penitentiary.

The facts upon which the State relied to make out its case were established without any contradiction or controversy as to such facts. The State proved that appellant married Ludy Anderson in Plainview, Texas, September 7, 1925; also that on August 6, 1919, he had married Earle Stewart in Crosby county, and that she was living and not divorced at the time of his marriage to Miss Anderson. If we correctly understand the record, the only affirmative defense interposed was that there was some testimony suggesting that appellant had been married once or twice before he married Miss Stewart and that possibly he was not divorced from either of said two other women.

It but encumbers the record to cite authorities on the proposition that the mere statement of grounds in a bill of exceptions does not amount to any showing or certificate of the trial court that such objections are in fact true; and such bill brings before the appellate court nothing for review. Mr. Branch in Sec. 209 of his Annotated P. C., cites many cases supporting this announcement, and many more appear in subsequent opinions of this court. Bills of exception Nos. 2 and 3 are of the kind referred to just above. Many of the objections therein stated, if certified to be supported by facts by the trial court, would have required that such objections be sustained. Bill of exceptions No. 1 is qualified at length by the court below, and under the qualification presents no error.

Bill No. 4 sets out that appellant offered in evidence a certified copy of a marriage license issued in Harris county in February 1919, to S. A. Jones and Freda Treppke, which showed thereon that same was executed by a justice of the peace of Harris county by marrying said parties. This bill is qualified at length by the court below who says that at the same time he offered this certificate, appellant also offered in evidence another certified copy of another marriage license issued in Dallas county in July 1916, to South A. Jones and Ester A. Davis, duly executed by H. B. Day on July 3, 1916, by marrying said parties. The court certifies that both licenses were offered at the same time, and the same objection made as to both, which was sustained. The objection is not set out. It would thus appear that appellant was offering two marriage licenses on the theory that same would affect the validity of his marriage to Earle Stewart by suggesting that he had theretofore been married,—to Ester Davis in Dallas in 1916 and to Freda Treppke in Houston in 1919. As to such a defense, the burden of proof was upon the appellant. Underhill on Criminal Evidence,

Secs. 50–51; Paul v. State, 7 Texas Crim. App. 594; Coy v. State, 75 Texas Crim. Rep. 88; Burgess v. State, 88 Texas Crim. Rep. 146; 225 S. W. Rep. 182; Art. 46 P. C. The question also arises as to the legitimate effect of these two marriage licenses thus offered. We have held that without identification of the accused by other testimony, as one of the parties referred to in the marriage license, such license or certified copy thereof would be insufficient to show him to have been theretofore married. Goad v. State, 51 Texas Crim. Rep. 394; Rogers v. State, 83 Texas Crim. Rep. 526; Patterson v. State, 17 Texas Crim. App. 113. It was in testimony that in 1913 appellant was fourteen years old.

We must look at the question raised by this bill of exceptions in the same light in which the issue presented itself to the court below at the time these two marriage licenses were offered. In other words, the court was confronted with the offered proof of two marriage licenses, one dated in 1916 and one dated in 1919, and both offered and supposed to be referring to the same party, viz: the accused, as one of the contracting parties. In the absence of any statement in the bill as to the purpose for which said testimony was offered, our supposition would be that its purpose was to show that appellant was already twice married at the time he married Earle Stewart, and hence his marriage to her was illegal. In our opinion an objection that such testimony was irrelevant would be good in the absence of some testimony identifying appellant as one of the parties to such licenses. The probability of irrelevance would be more striking when it appeared that in 1913 the appellant was fourteen years old and in 1919 but twenty. The trial court may also have had in view the character of the affidavit that was filed by appellant in an attempted compliance with Art. 3726 Revised Civil Statutes of Texas, which makes an affidavit the necessary predicate to introduce in evidence all certified copies of recorded instruments when the originals can not be produced. The affidavit filed by appellant in this case nowhere affirms that he is a party to either of said licenses, or that such licenses, or either of them, had been issued to him, but merely states that he is the defendant herein, and that he has filed in this cause two certified copies of marriage licenses, one on the 13th of February, 1926, and one on the 4th day of February, 1927, and that he can not procure the originals. Neither in said affidavit, nor by any other proof, was appellant identified as the man referred to in either of said licenses. He did not take the witness stand. He appears to have made no effort to bring

either of the two women mentioned in said licenses to testify. He contented himself with introducing his mother and sister. The mother said she knew Earle Stewart whom appellant married in 1919. She further testified that appellant left her home in Crosby county sometime in December, 1918, or in January, 1919, and came back in June of said year, and married Earle Stewart in August. She said sometime after this marriage she saw a letter written to S. A. Jones from some one who signed her name Esther or Eva or something like that, wanting money or a divorce. Her best recollection was the letter came from Houston. She said that some months later another letter came signed as was the first. Appellant's sister testified that in 1920 she saw and read a letter which was addressed to S. A. Jones, which she believed was signed Freda, and was from Houston, in which it was stated that if the party addressed did not send the writer some money she was going to sue him for a divorce and alimony. She said that appellant burned this letter in her presence. She testified that she later saw another letter which had in it a "waivery," and that she saw in the letter what looked like "Freda Jones vs. S. A. Jones." She said she saw appellant sign this but did not know what became of it. In our opinion this testimony presents no substantial support of appellant's defensive theory, if any and falls far short of being sufficient to raise a reasonable doubt in the minds of the jury as to the validity of his marriage to Earle Stewart. If appellant was legally married to Ester Davis at the time he was seventeen, this would render his marriage to Freda Treppke invalid. It might be mentioned that the State introduced the stepfather of appellant who testified that the latter was at home in Crosby county, Texas, during the early part of 1919 and left there for a while and worked on some ranch near Texline, and while there he wrote letters home. We do not believe the bill under discussion manifests reversible error.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—From Bill of Exceptions No. 4 we learn that the appellant offered in evidence a certified copy of the marriage certificate issued by the county clerk of Harris County on February 6, 1919, authorizing the marriage of S. A. Jones and Miss Freda Treppke, also the return on the marriage license showing that the ceremony was performed by Leon Lusk, Justice of the Peace,

Precinct No. 1, Harris County, Texas. The certified copy was duly authenticated by the county clerk of Harris County on the 18th day of June, 1926, and bears the indorsement that it was filed in the District Court of Hale County on the 4th day of February, 1927. Notice of the filing in the District Court of Hale County in the case of the State of Texas v. S. A. (Gus) Jones was given in writing and served upon the district attorney on the 4th day of February, 1927. On the same day there was filed in said cause the affidavit of the appellant of his inability to procure the original instruments. The marriage certificate was rejected upon the State's objection. In qualifying the bill of exceptions the trial judge states that at the same time the certificate mentioned was offered in evidence there was also offered by the appellant a certificate showing the marriage of South A. Jones and Miss Ester A. Davis upon a license issued on the first day of July, 1926, by the clerk of the County Court of Dallas County and executed on the 3rd day of that month. The ground of the objection is not stated either in the bill or by the court, but as understood by the writer, the court's reason for excluding the testimony mentioned was the opinion of the trial judge that in the absence of testimony other than the identity of names, the law did not authorize the reception of the instruments in evidence notwithstanding the identity of the names. Where the statute (as is the case in this state) requires the return of the registration of the marriage certificate attested by the officiating minister, a proper manner of proof is by a copy of the records. It is a general rule that wherever there is a duty to record official doings the record thus kept is admissible in evidence. See Wigmore on Evidence, 2nd Ed., Vol. 2, Sec. 1339; also Vol. 3, Sec. 1639, and Secs. 1632–1633. The application of this rule to the record of marriage certificates is uniform throughout the country. Wigmore on Evidence, supra, Sec. 1642. See also Wharton's Crim. Ev., 10th Ed., Vol. 2, Secs. 533, 535 and 536a; Underhill's Crim. Ev., 3rd Ed., Sec. 605; Baker v. State, 56 Tex. Crim. Rep. 16; Bryan v. State, 63 Tex. Crim. Rep. 200; Edwards v. State, 73 Tex. Crim. Rep. 380; Harris v. State, 74 Tex. Crim. Rep. 52. In Texas the registration of marriage certificates is required by law. Revised Civil Statutes, Art. 4606 (old statutes, Arts. 4612, 2958, 2842). Certified copies of instruments properly recorded in pursuance of statutory demands are declared admissible in evidence where the original would have been admissible. R. S., Art. 3720. In Art. 3726, R. S., 1925, it is declared that a certified copy of such an instrument shall be admissible in evidence provided

it be filed among the papers in the case three days before the trial begins and that the party offering it shall file among the papers of the case an affidavit showing that the original cannot be procured. (Old statute, Arts. 3700, 2312). Compliance with the registration statutes is essential to the admissibility of the copy. Burton v. State, 51 Tex. Crim. Rep. 198; Bryan v. State, 63 Tex. Crim. Rep. 200; Harris v. State, 161 S. W. Rep. 125; Huehn v. State, 69 S. W. Rep. 526.

State's counsel contends that the language of Art. 3726 (formerly Art. 3700, R. S.) as it appears in the Revised Statutes of 1925, is to be construed as referring to no recorded instruments save those which have been recorded for a period of ten years. The language of the statute is somewhat involved. In it, however, is found in a separate clause the same language that was embraced in Art. 3700, R. S., 1911, as follows:

"And, whenever any party to a suit shall file among the papers of the cause an affidavit stating that any instrument of writing, recorded as aforesaid, has been lost, or that he can not procure the original, a certified copy of the record of any such instrument shall be admitted in evidence in like manner as the original could be."

If it be granted that the interpretation of the statute by State's counsel is correct, it does not follow that a duly certified copy of the record of a marriage certificate is not to be received in evidence. It having been made a public record by Art. 4606, its admissibility is established by the terms of Art. 3720, supra. Correction of the error in Art. 3726 in the revision of 1925 was made by the 40th Legislature, 1st Called Session, Chapter 73, which was after the trial of the present case. In some cases it has been held that the registration of the marriage certificate in another state was not sufficient proof of the marriage in the absence of proof of the identity of the parties. Goad v. State, 51 Tex. Crim. Rep. 394; Rogers v. State, 83 Tex. Crim. Rep. 526. Whether such an announcement would be proper touching the marriage certificate and showing the marriage ceremony performed in this state it is unnecessary to discuss. Moreover, the sufficiency of the evidence is not the legal question involved in the present appeal but whether a certificate of marriage duly registered, filed among the papers and notice given as required by the statute, is to be held inadmissible in the absence of proof by way of predicate of the identity of the parties. For such a conclusion we are aware of no precedents. On the contrary, the opposite rule has been definitely announced by the unanimous opinion

of this court in the case of Bryan v. State, 63 Tex. Crim. Rep. 200; 139 S. W. Rep. 982. The court in holding such a certificate admissible against the accused used the following language:

"It is true no witness had been introduced to show that defendant was the identical person ·named in that marriage license; but this went to its weight, and not its admissibility."

The announcement, to the writer, seems in accord with reason, is deemed sound and seems in harmony with the views of text-writers as indicated by the citations above and by the courts of other states as is illustrated in the cases found in Corpus Juris, Vol. 7, p. 1173, note 44. At least, there has come to our attention no instance in which where the admissibility in evidence of a certified copy of the marriage certificate accompanied, as in the present case, by the statutory predicate touching the filing and notice, has been conditioned upon the further predicate of proof of identity of the parties. The admissibility of the certificate seems clear. The identity might come from subsequent direct proof or from circumstances appearing throughout the evidence from which the jury might draw the inference of the identity. The pertinency of the reference in the court's qualification to the fact that at the time the appellant offered the certificate in question in evidence he offered also another certificate showing the marriage of one Jones to a different woman and at a different time from that named in the certificate under discussion is not appreciated. It is difficult to perceive how the fact that one of the certificates was not accompanied by the proper statutory predicate showing filing and notice would justify the exclusion of a certificate relevant, properly authenticated and offered under the required predicate. Nor is the pertinency of the remark in the judge's qualification that if in fact there were other marriages that they might have been proved by the defendant comprehended. He was within his rights in introducing the certificate which has been under discussion as one of the elements of proof of a previous marriage, and in denying this right the learned trial judge, in the opinion of the writer, fell into error which makes it incumbent upon this court to order a reversal of the judgment.

The motion for rehearing is therefore granted, the order of affirmance is set aside, the judgment of the trial court reversed and the cause remanded.

*Reversed and remanded.*