## DAWSON P. PARKER V. THE STATE.

No. 15259.  Delivered October 12, 1932.
Reported in 53 S. W. (2d) 473.

The opinion states the case.

*Cook, Smith, Teed, Sturgeon & Wade,* of Pampa, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is bigamy; the punishment, confinement in the penitentiary for three years.

Omitting the formal parts, the fifth count of the indictment, under which appellant was convicted, reads as follows: "Dawson P. Parker, on or about the 10th day of January, A. D. 1931. and anterior to the presentment of this indictment, in the county of Gray and state of Texas, did then and there unlawfully marry Evelyn Zimmerman, he, the said Dawson P. Parker, then and there having a former wife, to-wit, Mildred Parker (nee Chism) then living, and he, the said Dawson P. Parker,

had theretofore, to-wit on or about the 7th day of September, A. D. 1928, lawfully married her, the said Mildred Parker (nee Chism)."

Our disposition of the case makes it unnecessary to discuss the first, second, and third counts of the indictment. The fourth count avers that the name of the former wife was Frances Parker (nee Vallier) whom appellant had married on or about July 4, 1927, and who was living at the time appellant married Evelyn Zimmerman. The state introduced in evidence a certified copy of a marriage license issued to Dawson P. Parker and Miss Elsie Bland by the county clerk of Grayson county on the 13th day of May, 1926. The return on this instrument shows the parties named in the license were united in marriage on the 17th day of May, 1926. No effort was made to identify appellant as the party named in this license. Also the state introduced in evidence a marriage license issued to Dawson P. Parker and Miss Frances Vallier by the county clerk of Wichita county, Texas, on July 1, 1927. The return on this instrument shows that the parties named in the license were united in marriage July 4, 1927. Mrs. Shelton, a witness for the state, testified that she witnessed the marriage ceremony between appellant and Miss Frances Vallier in Wichita Falls on July 4, 1927. She said that the ceremony was performed by a Presbyterian minister. Further, she testified that she had known appellant and Miss Vallier about a year before they married. Again, she testified that the parties had not at any time been divorced from each other. In support of the fifth count of the indictment, under which appellant was convicted, the state introduced in evidence a marriage license issued to Dawson P. Parker and Miss Mildred Chism by the county clerk of Lubbock county on the 20th day of September, 1928. The return on this license shows that the parties named therein were married on the date the license was issued. Further, the state introduced the witness Owens, who testified that he went with appellant to the clerk's office at the time he secured the license authorizing his marriage to Mildred Chism, and that from there he went to the office of the justice of the peace with the parties where they were united in marriage. He testified, further, that after the ceremony the parties lived in Clayton, Texas, where they held themselves out as man and wife. Miss Chism was called to the door by the district attorney and identified as the party named in the marriage license. The state then showed that appellant married Evelyn Zimmerman. Circumstantially the state showed that Frances Vallier was still living. After making all of the

aforesaid proof, the state introduced in evidence a judgment of the district court of Dallas county granting Elsie Parker (nee Bland) a divorce from D. P. Parker, the date of the entry of the decree being December 12, 1927. It appears that this decree was entered approximately four months after appellant married Miss Frances Vallier. There is no proof in the record identifying appellant as the party referred to in the decree of divorce.

It was evidently the theory of the state that appellant had married Elsie Bland, from whom he was divorced on December 12, 1927, as shown by a divorce decree entered in the district court of Dallas county, Texas; that prior to being divorced from Elsie Bland and while she was his lawful wife, appellant, on the 4th day of July, 1927, married Miss Frances Vallier; that the marriage to Miss Vallier was bigamous, in as much as Elsie Bland was, at the time of such marriage, appellant's lawful wife; that on the 7th day of September, 1928, appellant married Mildred Chism, who was his lawful wife at the time of his marriage to Evelyn Zimmerman, as alleged in the fifth count of the indictment, under which appellant was convicted. In order to sustain the state's theory, it was necessary to prove beyond a reasonable doubt that at the time appellant married Evelyn Zimmerman he had been previously legally married to Mildred Chism, and that she was living at the time of his marriage to Miss Zimmerman. Article 490, P. C.; Rogers v. State, 83 Texas Crim. Rep., 526, 204 S. W., 222; Goad v. State, 51 Texas Crim. Rep., 393, 102 S. W., 121.

If at the time appellant married Miss Zimmerman he had been previously legally married to Frances Vallier, and she was alive and his legal wife at the time of his marriage to Miss Zimmerman, appellant was not guilty under the fifth count of the indictment, by reason of the fact that the marriage to Mildred Chism would have been bigamous. We quote from Texas Jurisprudence, vol. 6, p. 546, as follows: "A prosecution for unlawful marriage can be sustained only by allegation and proof of a prior, valid marriage, for upon this depends the criminality of the second or bigamous marriage. If the defendant was legally married to another person at the time he contracted the alleged prior marriage, this renders such alleged marriage invalid, and, therefore, not a sufficient marriage upon which to predicate a prosecution for bigamy. It is essential in this crime that the first marriage be legal and the second illegal."

See Oxford v. State, 107 Texas Crim. Rep., 231, 296 S. W.,

535, and McCombs v. State, 50 Texas Crim. Rep., 490, 99 S. W., 1017.

In view of the fact that it was shown that appellant had married Miss Frances Vallier, and that she was still living and undivorced from appellant at the time of his marriage to Miss Evelyn Zimmerman, the state undertook to show that appellant's marriage to Miss Vallier was illegal. In support of the theory that such marriage was illegal, the state introduced in evidence a marriage license isued to Dawson P. Parker and Elsie Bland on the 13th of May, 1926, with the return thereon showing that the parties named in the license had been married on the 17th of May, 1926. Further, the state introduced a certified copy of a divorce decree entered by the district court of Dallas county on December 12, 1927, showing that the marriage relation between Elsie Parker and D. P. Parker had been dissolved, and that the maiden name of the plaintiff, Elsie Bland, had been restored. In the same connection the state introduced proof to the effect that prior to the entry of the divorce decree last mentioned appellant had married Miss Frances Vallier. As heretofore stated, the state offered no testimony that appellant was the person who was mentioned in the marriage license issued to Dawson P. Parker and Elsie Bland and that he was the person from whom Elsie Bland secured a divorce in December, 1927. In order to establish the fact that appellant's marriage to Frances Vallier was bigamous, and therefore illegal, it was incumbent uopn the state to show that appellant was the person who married Elsie Bland, and that it was from appellant Elsie Bland secured a divorce in 1927, after his marriage to Frances Vallier. The question is: Did the state discharge the burden of establishing the identity of appellant in relation to these matters by merely introducing a marriage license issued to Dawson P. Parker and Elsie Bland and a divorce decree dissolving the marriage relation between D. P. Parker and Elsie Bland. From Texas Jurisprudence, vol. 6, p. 568, the following is taken: "In order to sustain a conviction, the state must prove the two marriages alleged in the indictment, and show that the defendant was the same person who entered into both of the alleged marriages. In other words, the state must establish the identity of the accused. If proof of the first alleged marriage is made by the introduction of the marriage license, the state must establish that the defendant is the person who is mentioned in the license. The identification may be established by the testimony of witnesses, by other

direct proof, or by circumstances from which the jury may draw the inference of identity."

In the case of Goad v. State, 51 Texas Crim. Rep., 393, 102 S. W., 121, the state introduced a certified copy of a marriage license issued to G. M. Goad and M. L. Mashburn. The indictment charged that the former wife was M. L. Mashburn before she married the appellant, who was named in the indictment as G. M. Goad. The state made no effort to identify the appellant, either by direct proof or by circumstances, as being the G. M. Goad mentioned in the marriage license. In reversing the judgment, this court held that without identification of the appellant by other proof, either by direct or circumstantial evidence, as one of the parties referred to in the marriage license, the evidence was insufficient. This holding was followed in Rogers v. State, 83 Texas Crim. Rep., 526, 204 S. W., 222. In Jones v. State, 112 Texas Crim. Rep., 470, 17 S. W. (2d) 1053, 1054, the appellant was convicted of bigamy. In the original opinion, Judge Lattimore, speaking for the court, used language as follows: "We have held that without identification of the accused by other testimony, as one of the parties referred to in the marriage license, such license or certified copy thereof would be insufficient to show him to have been theretofore married."

It is true that in Jones' case the court was concerned with the question as to whether the appellant should have been permitted to introduce in evidence a certified copy of a marriage license, and that the conclusion was finally reached by the court, in disposing of the motion for rehearing, that certificate of marriage duly registered and filed among the papers, and notice given as required by the statute, was not to be held inadmissible, in the absence of proof by way of predicate of the identity of the parties. The court said in Jones' case that the sufficiency of the evidence was not the legal question involved in the appeal, and referred to the fact that it had been held by this court that the registration of a marriage certificate in another state was not sufficient proof of the marriage, in the absence of proof of the identity of the parties, citing Goad v. State, supra, and Rogers v. State, supra. The holding in the cases last mentioned has not been overruled or modified.

Giving application to the holding to which reference has been made, it is obvious that the proof in the present record is insufficient to show that appellant was the person named in the marriage license issued to Dawson P. Parker and Elsie Bland, and was the person from whom Elsie Parker secured

a divorce in 1927. The proof as to this matter being insufficient, it follows that the evidence fails to show that appellant's marriage to Frances Vallier was bigamous. In the absence of proof sufficient to establish the fact that appellant's marriage to Frances Vallier was bigamous, the evidence is insufficient to show that appellant's marriage to Mildred Chism, as alleged in the fifth count of the indictment, under which appellant was convicted, was legal. See McCombs v. State, supra.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.