H. E. THORNBERRY V. THE STATE.

No. 19387. Delivered February 16, 1938.

The opinion states the case.

*E. G. Pharr,* of Cooper, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is bigamy; the punishment, confinement in the penitentiary for two years.

The testimony on the part of the State was, in substance, as follows: Appellant married Miss Bettie Glenn in Eastland County on the 13th of October, 1931. On the 4th day of February, 1935, he married Miss Opal Hemby in the State of Oklahoma. Thereafter appellant and Miss Hemby came to Delta County, where they lived together as man and wife.

We find in the record no testimony sufficient to show that appellant's first wife was alive at the time the second marriage was consummated. In his confession appellant stated that he left his first wife in 1933. The State introduced in evidence a subpoena directed to the sheriff of Nolan County commanding him to summon Mrs. Bettie Thornberry to appear in the district court at the January term, 1937, of Delta County as a witness in behalf of the State. The district clerk of Delta County testified that a woman giving her name as Mrs. Bettie Thornberry executed the necessary papers and received her pay as a witness in the case against appellant. The return on the subpoena introduced in evidence by the State showed that Mrs. Thornberry had been summoned as a witness. There is no testimony in the record that the Mrs. Bettie Thornberry mentioned in the subpoena and in the testimony of the clerk was the appellant's first wife. In short, the record fails to identify her as being the person appellant married in Eastland County in 1931.

It was incumbent upon the State to prove beyond a reasonable doubt that appellant's first wife was living at the time of the consummation of the second marriage. In Goad v. State, 102 S. W., 121, it was said: "And it must be further shown that the identical woman to whom he was first married by virtue of the first marriage was living at the time of the consummation of the second marriage." In Underhill on Criminal Evidence, Third Edition, page 836, the following language is used: "The state must prove affirmatively, and beyond a reasonable doubt that the first husband or wife was alive at the date of the void marriage. This is not presumed, as matter of law, from proof that he or she was alive at a prior date, for the presumption that the accused is innocent will nullify the presumption of the continuance of life." See also Rogers v. State, 204 S. W., 222.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.