E. A. KOSEL V. THE STATE.

No. 22298. Delivered November 18, 1942.

The opinion states the case.

*Henry Taylor,* of Temple, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for receiving stolen property, punishment being three years in the penitentiary.

At the January term, 1940, of the District Court of Coryell County appellant entered a plea of guilty to a charge of receiving and concealing personal property over the value of fifty dollars. Appellant made application for suspended sentence. The jury assessed his punishment at three years in the penitentiary and recommended a suspension of his sentence. Subsequently in July, 1941, and during the period of the suspension appellant was convicted of another felony in the District Court of Bell County. Upon being advised of such conviction the District Judge of Coryell County caused appellant to be brought before the court, and revoked the suspension of sentence, and sentenced appellant in accordance with the judgment of conviction in 1940. From such sentence appellant seeks to appeal.

By Act of 1941 the Regular Session of the 47th Legislature so amended the law as to provide that in cases where a suspended sentence had been revoked:—"* * * no new trial shall be granted in the first conviction, nor shall the validity or finalty of the first conviction be attacked by appeal or otherwise, and no right of appeal shall exist to test the validity of the judgment of conviction, sentence upon which was suspended."

The amended Act was given sanction in an opinion of date November 4, 1942, in Cause No. 22,238, Lee Roy Millican v. State, (Page 195 of this volume) in which it was held that no appeal would lie under the circumstances stated. For the reasons therein given the appeal here attempted is abortive.

The appeal is dismissed.