# MARCH 29, 1944

### ELIAS CISNEROS V. THE STATE.

No. 22814. Delivered March 29, 1944.

The opinion states the case.

*Wm. L. Scarborough,* of Corpus Christi, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of burglary. The punishment assessed is confinement in the state penitentiary for a term of five years.

The record before us discloses that on the 11th day of May, 1943, appellant was indicted by the Grand Jury of Nueces County for the offense of burglary; that on the 26th day of said month he entered a plea of guilty to said charge, filed a plea for a suspension of sentence and submitted all issues of law and fact to the court, who found him guilty of said offense and assessed his punishment as above stated, but suspended his sentence during good behavior. Thereafter, on the 19th day of October, appellant was again convicted in the District Court of the United States for the Southern District of Texas of the offense of forgery and his punishment was assessed at confinement in jail for a period of sixty days. Thereupon, the Judge of the Criminal District Court of Nueces County revoked the suspension of sentence and sentenced him, as provided by law, from which order he has appealed to this court. He asserts that the court was not authorized to revoke the suspension of sentence under Art. 779, C. C. P., because he was not convicted in the Federal Court of a felony but a misdemeanor. In this he is mistaken. It is provided in the United States Code of Criminal Procedure that "all offenses which may be punished by death or imprisonment for a term exceeding one year, shall be deemed felonies." 18 U. S. C. A. Sec. 541. The judge of said court who, under the federal practice and procedure is authorized to assess the punishment, is given wide discretion in the matter. The maximum punishment prescribed by said action of said title is not more than $1,000.00 and imprisonment for not more than ten years. Forgery is a felony under the statute referred to and when one is convicted of such an offense, he is a felon, although the court, in its discretion, may have assessed the punishment at confinement in jail. Consequently, the Judge of the Criminal District Court of Nueces County, upon being advised that appellant had been convicted in the United States District Court for the offense of forgery, was legally authorized to revoke the suspension of sentence and to sentence him as provided by law in such cases. See Edwards v. State, 134 Tex. Cr. R. 512; Porter v. State, 137 Tex. Cr. R. 437; 18 U. S. C. A., Sec. 541.

Appellant also seeks to prosecute an appeal from the original judgment of conviction in the Criminal District Court of Nueces County. This he cannot do by virtue of Article 779, C. C. P., which provides, among other things, as follows:

"* * * and in such cases no new trial shall be granted in the first conviction, nor shall the validity or finality of the first conviction be attacked by appeal or otherwise, and no right of appeal shall exist to test the validity of the judgment of conviction, sentence upon which was suspended."

See Kosel v. State, 165 S. W. (2d) 998; Millican v. State, 167 S. W. (2d) 188.

From what we have said, it follows that the judgment of the Criminal District Court of Nueces County is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Court of Criminal Appeals and approved by the Court.