CLYDE COOPER V. STATE.

No. 24896. June 6, 1950.

*Herman G. Nami,* San Antonio, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

This apeal is from an order of the court revoking a suspended sentence and sentencing appellant to serve five years in the penitentiary after his second conviction for an offense committed at the time, or approximately the time, of the commission of the offense for which he was given a five year suspended sentence on the 11th day of September, 1948. The second conviction was for a period of two years, for burglary. The appeal came to this court and was affirmed. After its affirmance, the state filed a motion, on the 27th day of February, 1950, in the 38th Judicial District Court, asking that the suspension of the sentence in the former conviction be set aside. This application was contested by the appellant before the Honorable Thomas C. Ferguson, of the 33rd Judicial District, who was transferred to and holding court in Kerr County in the 38th Judicial District.

In the contest to state's motion it is set out that even though the conviction which was affirmed by this court in Cause No. 1852 was subsequent to the conviction in Cause No. 1837, the offense was committed at the time of or prior to the commission of the offense for which he was convicted in Cause No. 1837.

Appellant has filed an argument with this court, in favor of his contention, in which he complains of the action of the court in requiring the sentence in Cause No. 1852 to begin when he had completed serving the five year sentence in Cause No. 1837. It is further contended that it is error to revoke the suspended sentence on the ground that the appellant was subsequently convicted of a felony where the subsequent conviction was carved out of the same transaction as that for which he was first convicted and his sentence suspended. On this question appellant has cited no authority to sustain the contention and we are convinced, from our investigation, that none is available.

Article 779, Vernon's Ann. C.C.P., as amended by Acts of the 47th Legislature, p. 1334, ch. 602, sec. 2, in very clear and positive language provides that:

"Upon the final conviction of the defendant of any other felony pending the suspension of sentence, the court granting such suspension shall cause a capias to issue * * * and during a term of the court, shall pronounce sentence upon the original judgment of conviction, and shall cumulate the punishment of the first with the punishment of any subsequent convictions, * * * ."

A sentence is suspended during good behavior. The term "good behavior" is defined by Article 777, Vernon's Ann. C.C.P., as meaning that the defendant shall not be convicted of any felony, etc. It does not limit that conviction to felonies, or other offenses described, which have occurred subsequent to the offense for which sentence was suspended. This court has never so held and we believe that it should not do so under the language. A suspended sentence is a reformative measure, it is true, as contended. It provides specifically, however, that it shall be available only to those who have never been convicted of a felony in this state or any other state. It then recites that the suspension shall be revoked if defendant is convicted of another felony. Thus, it appears perfectly clear that the legislature did not intend for one to have a suspended sentence with two convictions against him, regardless of the time of the commission of the offense for which a second conviction was had. Such seems to be the holding of this court in Clare v. State, 122 Tex. Cr. R. 21, 54 S.W. 2d 127.

Finding no reversible error, the action of the court from which this appeal comes is specifically approved and the cause is affirmed.