EX PARTE LOUIE D. YOUNG, JR.

No. 28,009.  January 11, 1956

*Piranio, Piranio & Ballowe,* Dallas, for relator.

*Henry Wade,* Criminal District Attorney, *William F. Alexander* and *George P. Blackburn,* Assistants Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Relator was found guilty in 1951 of the offense of burglary, and his punishment was assessed at 5 years, with sentence suspended. He was thereafter, on January 16, 1952, finally convicted of a felony in the same court and assessed a five-year term in the penitentiary, which it appears has been served.

On September 6, 1955, on the state's motion, the suspended sentence was ordered revoked because of the subsequent conviction of a felony, and appellant was sentenced to serve the term of five years, the sentence to begin at the expiration of the sentence in the subsequent conviction.

Appellant gave notice of appeal when so sentenced, and the trial court, being of the opinion that no appeal would lie because of the 1941 amendment of Art. 779 C.C.P., refused to fix the amount or permit recognizance or bond on appeal.

We granted relator's application for writ of habeas corpus and he is at large under bond fixed by this court in this cause.

Art. 779 V.A.C.C.P. as amended provides that the validity or finality of the first conviction shall not be attacked by appeal or otherwise, "and no right of appeal shall exist to test the validity of the judgment of conviction, sentence upon which was suspended."

Millican v. State, 145 Texas Cr. R. 195, 167 S.W. 2d 188, and

Kosel v. State, 145 Texas Cr. R. 57, 165 S.W. 2d 998, hold only that no appeal lies to test the validity of the conviction.

The question of whether or not there was sufficient ground to authorize the court to pronounce sentence which had previously been suspended, (not the validity of the judgment of conviction) has been considered by this court on appeal. Cisneros v. State, 147 Texas Cr. R. 123, 179 S.W. 2d 313; Cooper v. State, 155 Texas Cr. R. 28, 230 S.W. 2d 818; Trevino v. State, 274 S.W. 2d 685.

The appeal is properly before us in our Cause No. 28,063, this page, and relator is entitled to bond.

Relator will remain on bail allowed by this court in this cause until he enters into appeal bond in the appealed case, or until such appeal is finally decided.