## FRANKLIN et al. v. FRANKLIN.
### (No. 8261.)

(Court of Civil Appeals of Texas. Galveston.
Dec. 19, 1922.)

**1. Marriage ⊚⇒40(5)—Presumption of legality of a second marriage not destroyed by fact that the husband had living wife.**

Where the legality of a marriage performed according to statute, and followed by 35 years' cohabitation of the parties, was attacked by the issue of a prior marriage of the husband, the presumption of the legality of the second marriage was not destroyed by showing that the husband had a living wife at the time of the second marriage, but the burden was on those attacking the legality of the second marriage to show that there had been no divorce from the first wife.

**2. Marriage ⊚⇒50(1)—Evidence held sufficient to authorize a finding that there had been no divorce, but not to compel such finding.**

In an action of trespass to try title by the issue of a first marriage of a husband, against his second wife, evidence held sufficient to authorize a finding that there had been no divorce from the first wife at the time of the second marriage, but not to compel such finding.

**3. Appeal and error ⊚⇒931(7)—Assumption that trial court did not find there had been no divorce held necessary on appeal.**

In an action of trespass to try title by the issue of a husband's first marriage against his second wife, in which the legality of the second marriage was attacked, and the evidence was not sufficient to compel a finding that there had been no divorce from the first wife, and there were no findings of fact in the record, it must be assumed, on appeal from a judgment in favor of the second wife, that the trial court did not find that there had been no divorce from the first wife.

**4. Husband and wife ⊚⇒248—Wife held not precluded from share in property purchased in part with her money by knowledge of husband's prior marriage.**

Where a wife knew that her husband had cohabited with another woman by whom he had children, but was told by her husband, and believed, that he had never been lawfully married to the other woman, she was not precluded by a prior marriage of her husband and the other woman from claiming an interest in property purchased with her earnings and those of her husband.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by Ben Franklin and others against Susan Franklin. From judgment for defendant as to one half of certain property, and for plaintiffs as to the other half, and that defendant had a homestead in all the property, plaintiffs appeal. Affirmed.

Van Velzer & York, of Houston, for appellants.

Meek & Kahn and J. M. Hawkins, all of Houston, for appellee.

PLEASANTS, C. J. [1] This is an action of trespass to try title brought by the appellants against the appellee to recover title and possession of a lot of land situated in the city of Houston and fully described in plaintiffs' petition.

The defendant answered by general demurrer, general denial, and plea of not guilty, and specially pleaded title to an undivided one-half of the lot sued for, and a homestead claim to the entire lot, as surviving widow of Ben Franklin, deceased, under whom plaintiffs claim by inheritance.

The trial in the court below without a jury resulted in a judgment in favor of the defendant for the title to an undivided one-half of the property, and in favor of the plaintiffs for the remaining one-half, and further adjudging the property to be the homestead of the defendant and not subject to partition so long as such homestead rights continued in defendant.

The evidence shows that the lot in controversy was purchased by Ben Franklin, deceased, on May 10, 1902. Ben Franklin and appellee, Susan Franklin, were married about 35 years before the trial, and after the purchase of said lot, which was made with their joint earnings, they made their homes thereon continuously until the death of Ben Franklin, which occurred in 1917. Since Ben's death the appellee has continuously lived on the lot.

Plaintiffs are the children and grandchildren of Ben by a former wife, Mary, who died in September, 1905. Ben and Mary lived together as husband and wife prior to 1865, when they were both slaves, and some time after their emancipation, and prior to 1868, they were married by a regular marriage ceremony. After this marriage, they lived together in Walker county until some time in the year 1881 or 1882, when they separated. After this separation Ben moved to Trinity, and 4 years thereafter he and Susan, who lived in that county, were there married by a justice of the peace and thereafter lived together as husband and wife until Ben's death. From Trinity county they moved to Robertson county, and then to Oklahoma, and about the year 1901 they returned to Texas and thereafter made their home in Houston. Susan at one time prior to her marriage lived in the same neighborhood in Walker county in which Ben and Mary resided, and attended the church of which Ben was pastor. She testified that Ben told her before she married him that he was never lawfully married to Mary, and that she was only his slavery-time wife. She had been living in Trinity county some time before her marriage to Ben.

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

There is no evidence that Ben ever obtained a divorce from Mary, and his children and several other witnesses, who knew him in Walker county and in Houston, testified that so far as they knew, or had heard, no divorce was obtained.

Appellants under appropriate assignments of error assail the judgment of the trial court upon the ground that the undisputed evidence shows that at the time the property in controversy was purchased by Ben Franklin he was the lawful husband of plaintiffs' mother, Mary, and appellee Susan Franklin, having knowledge of the fact that Ben and Mary were married and had lived together as husband and wife for a number of years, could not by her unlawful and adulterous marriage to Ben acquire any interest in the property thereafter purchased by him.

We do not think the record sustains appellants' contentions. The undisputed evidence shows that Ben Franklin was lawfully married to plaintiffs' mother Mary, and that they lived together as husband and wife 15 years or more, but the evidence does not conclusively show that they were not divorced prior to the marriage of Ben and appellee Susan, which occurred 4 years after Ben and Mary had separated. The marriage between Ben and Susan being shown to have been contracted in the manner prescribed by the statute, and they having continuously lived together as husband and wife for more than 30 years, every presumption must be indulged in favor of the legality of such marriage. And this presumption of its legality is not destroyed by merely showing that Ben had a living wife at the time he married Susan, but the burden was upon plaintiffs to go further and show that there was no divorce from the first wife.

[2, 3] The evidence which we have before set out in substance would have authorized a finding by the trial court that there had been no divorce; but we do not think it compels such a finding, and there being no findings of fact in the record, we must, in support of the judgment, assume that the trial court did not find that there had been no divorce. Nixon v. Cattle Co., 84 Tex. 408, 19 S. W. 560.

[4] We are further of opinion that, if there was no divorce from Mary, the evidence fails to show such guilty knowledge on the part of Susan of the illegality of the relations between herself and Ben as would preclude her from acquiring any interest in the property purchased by Ben with their joint earnings. Conceding that she knew that Ben and Mary had cohabited and that they had children as the result of such cohabitation, she was told by Ben before she married him that he had never been lawfully married to Mary and she was only his slavery wife. If she believed this and married in good faith, thinking Mary was not his lawful wife, she did not lose her right in the property thereafter acquired by Ben and herself. As his putative wife she would be entitled to all the rights adjudged her by the trial court.

We are of opinion that the judgment should be affirmed, and it has been so ordered.

Affirmed.