**HOLMAN v. HOLMAN.   (No. 874–4625.)**

(Commission of Appeals of Texas.   Section A.
Dec. 1, 1926.)

1. **Marriage ☞40(6)—Where one of parties to marriage has been previously married, prior marriage is presumed to have been dissolved before second marriage.**

Whenever marriage is assailed as being invalid on account of prior marriage of one of parties, prior marriage is presumed to have been dissolved before second marriage was instituted.

2. **Marriage ☞40(10)—Presumption of validity of second marriage must prevail, unless evidence shows that prior marriage could not possibly have been dissolved.**

Presumption in favor of validity of second marriage, where one of parties has been previously married, must prevail, unless rebutted by evidence negativing effective operation of every possible means by which dissolution of prior marriage could have been effected.

3. **Marriage ☞40(10) — Statement of wife married second time, regarding no knowledge of divorce, held not to rebut presumption in favor of validity of second marriage.**

Statement of wife, married second time, that she had never instituted suit for divorce against former husband, and was never served with citation in any divorce suit, *held* not to rebut presumption in favor of legality of second marriage.

4. **Appeal and error ☞1083(6) — Finding of Court of Civil Appeals that evidence is insufficient to support verdict is binding on Supreme Court.**

Where Court of Civil Appeals finds that evidence in given case is insufficient to support verdict, it is a finding of fact which is binding on Supreme Court.

5. **Appeal and error ☞1083(6) — Finding by Court of Civil Appeals that there is no evidence to sustain verdict is one of law, subject to revision by Supreme Court.**

Finding by Court of Civil Appeals, however worded, which finds, in substance and effect, that there is no evidence to sustain verdict, is

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

purely one of law, and subject to revision by Supreme Court.

**6. Appeal and error ⚖═1091(4)—That finding of no evidence includes lesser finding of insufficient evidence cannot be assumed, in face of contrary language of court making such finding.**

Assumption that finding of no evidence by Court of Civil Appeals included lesser finding of insufficient evidence could not be indulged, in face of contrary language of that court.

**7. Appeal and error ⚖═1083(6) — Language used by Court of Civil Appeals held to show with reasonable certainty that only question of no evidence was determined by that court.**

Language of Civil Court of Appeals to effect that jury's finding that former husband of wife, married second time, had procured divorce was contrary to testimony, because wife had testified that she had never procured divorce from him, and had never been served with notice of divorce, and that this testimony showed there had been no divorce, and rebutted presumption that there had been, *held* to show with reasonable certainty that only bald question of law, that of no evidence, was considered and determined by that court, and finding was subject to review.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Application by Teter Holman for an order setting aside property of Boyd Holman, deceased, to plaintiff, for use of herself and minor children by decedent, contested by Turner Holman, administrator of decedent's estate. From an order setting aside property as prayed, the administrator appealed to the Court of Civil Appeals, which reversed the judgment and remanded the case for a new trial in 283 S. W. 271, and plaintiff brings error. Reversed, and remanded to Court of Civil Appeals.

Corey M. Abrey, of Marshall, for plaintiff in error.

I. C. Underwood, of Marshall, for defendant in error.

HARVEY, P. J. In this suit Teter Holman, the plaintiff in error, claims to have contracted a valid common-law marriage with Boyd Holman, and to have been his lawful wife, under the common-law marriage, when the latter died in 1924. The validity of such alleged common-law marriage was assailed in the trial court by Turner Holman, the defendant in error, on the ground that Teter had a husband, to wit, Wiley Thompson, when said common-law marriage was undertaken by her and Boyd Holman.

The case was tried with the aid of a jury. The jury rendered a verdict upon special issues, in which they found that Wiley had procured a divorce from Teter before said common-law marriage was contracted. Judgment was rendered by the trial court sustaining such common-law marriage. The defend-

ant in error, Turner Holman, appealed. The Court of Civil Appeals reversed said judgment and remanded the case to the trial court. 283 S. W. 271.

There is testimony in the record, which seems to be undisputed, to the effect that Wiley was living when Boyd Holman died. There is also testimony in the record tending to show the following facts, namely:

Some forty odd years ago Teter became lawfully married to Wiley in Harrison county, Tex. After living together as husband and wife for some eight or ten years, they separated and have not lived together since that time. After such separation, Teter continued to reside in Harrison county and has never resided elsewhere; but Wiley left the county and went to the state of Louisiana. Some years later he reappeared in Harrison county, on a visit to relatives. On this visit he was accompanied by a woman named Eliza, whom he held out as his wife, and with whom he lived as such. Some time after this visit occurred, the common-law marriage between Teter and Boyd Holman was contracted, and children were born to such union.

In making the foregoing statement touching on testimony in the record, we are not to be understood as passing on or attempting to determine the sufficiency of the evidence to sustain any fact mentioned. Such references to testimony as we have made above have been made solely for the purpose of rendering our discussion of the case intelligible.

Upon the trial, Teter testified that she had never instituted a suit for divorce against Wiley, and the record discloses that she further testified as follows: "I was never served with citation in any divorce suit." Because of this testimony of Teter, the Court of Civil Appeals reversed the judgment of the trial court and remanded the case. The finding of that court upon which such reversal is based is stated by the court in the following words:

"Appellant insists, and we agree, that the finding of the jury that Wiley Thompson procured a divorce from appellee after she separated from her was contrary to the testimony. Our agreement is predicated on the testimony of appellee [Teter] as a witness in her own behalf that she never procured a divorce from Wiley Thompson and that she never was served with notice of the fact, if he ever sued her for a divorce. The effect of this testimony we think was to show that Wiley Thompson and appellee were never divorced, and so rebut a presumption that they had been, which might otherwise have been indulged."

[1-3] It is our opinion that this finding of the court is erroneous. Whenever a marriage is assailed as being invalid on account of a prior marriage having been contracted by one of the parties to the assailed marriage, such prior marriage is presumed to have been dissolved before the second marriage was consummated. Nixon v. Land Co., 84 Tex. 408, 19

S. W. 560; Carroll v. Carroll, 20 Tex. 732; Yates v. Houston, 3 Tex. 449; 38 C. J. 1328. This presumption in favor of the validity of the second marriage must prevail, unless rebutted by evidence which negatives the effective operation of every possible means by which a dissolution of such prior marriage could have been effected. The testimony of Teter in question here does not do this. Though taken as true, as in view of its source it must be taken, such testimony fails to negative a dissolution of the prior marriage by means of court action. For aught that appears from such testimony of Teter, a court of competent jurisdiction might well have decreed a dissolution of such prior marriage, at Wiley's suit, after jurisdiction to do so had been acquired in a legal mode other than that of personal service of citation on Teter.

Having reached the conclusion that the finding of the Court of Civil Appeals, in the respect shown, is erroneous; the question arises as to what disposition of the case may be made by the Supreme Court. A determination of this question requires an examination of the finding for the purpose of ascertaining if it involves a finding of fact.

[4-6]. A finding by the Court of Civil Appeals, to the effect that the evidence in a given case is insufficient to support the verdict, is a finding of fact which is binding on the Supreme Court. On the other hand, a finding by the Court of Civil Appeals, however worded, which finds, in substance and effect, that there is no evidence to sustain the verdict, and a fair interpretation of the language of the court affirmatively discloses that the finding in question does not include a finding on the question of sufficiency or insufficiency of the evidence to support the verdict; such finding is purely one of law, and therefore subject to revision by the Supreme Court. An assumption that the finding of no evidence includes the lesser finding of insufficient evidence cannot be indulged in the face of contrary language of the court that made such finding. Marshburn v. Stewart, 113 Tex. 519, 254 S. W. 942, 260 S. W. 566.

[7] From the language used by the Court of Civil Appeals in the present case, which we have quoted, it is obvious that such court made no finding upon the sufficiency or insufficiency of the evidence to support the verdict of the jury. The language in which the court's finding is couched affirmatively shows with reasonable certainty that only a bald question of law, that of no evidence, was considered and determined by such court. The finding so made was, in effect, that the verdict is contrary to the evidence solely because the probative force of such supporting evidence as the record might disclose—in the way of presumptions arising from facts in evidence—had been destroyed,

as a matter of law, by said testimony of Teter. The court affirmatively indicated, by clear implication, that it did not examine into the sufficiency of such supporting evidence, for the reason that, under the court's view of the law, no supporting evidence resting in presumption could have legal existence in the face of Teter's testimony.

The finding which said court made, and upon which it based its judgment of reversal, is one purely of law, and therefore subject to review by the Supreme Court. We therefore recommend that the judgment of the Court of Civil Appeals, reversing the judgment of the trial court and remanding the case, be reversed. It appearing from the record that there are questions relating to the sufficiency of the evidence to support the verdict, which were raised in the Court of Civil Appeals but not disposed of, we recommend that the cause be remanded to that court for further consideration.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and cause remanded to the Court of Civil Appeals for further consideration, as recommended by the Commission of Appeals.