### HOLMAN v. HOLMAN.  (No. 3193.)

Court of Civil Appeals of Texas. Texarkana.
March 10, 1927.

1. **Marriage** ⬅️40(6)—**Party previously married is presumed to have been divorced before contracting second marriage, in absence of evidence to contrary.**

Where party previously married contracts a second marriage, presumption should be indulged that she has been divorced, in absence of evidence to the contrary.

2. **Marriage** ⬅️40(10)—**Where previous marriage was proved, jury could presume divorce before second marriage, notwithstanding wife's testimony that she "was never served with citation" (Rev. St. 1925, art. 2039).**

In an action wherein an administrator contested the claim of decedent's alleged widow, a previous marriage of the claimant having been proved, *held* that the jury had a right to presume a divorce before the second marriage, notwithstanding the claimant's testimony that she was "never served with any citation in any divorce suit," since that testimony meant no more than that she was not personally served and jury might presume constructive service, under Rev. St. 1925, art. 2039.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Harrison County; P. O. Beard, Judge.

On remand from Supreme Court (288 S. W. 413). Former judgment (283 S. W. 271) set aside.

I. C. Underwood, of Marshall, for appellant.

C. M. Abney, of Marshall, for appellee.

WILLSON, C. J. [1] The judgment from which the appeal was prosecuted was reversed by this court because we thought the testimony of appellee, as a witness, that she never sued Wiley Thompson for a divorce and that she was never served with any citation in any divorce suit, effectually rebutted (Peters v. Lohr, 35 S. D. 372, 152 N. W. 504; Moore v. Wooten (Tex. Com. App.) 280 S. W. 742; True v. Railway Co., 42 S. D. 35, 173 N. W. 642) the presumption that she and Wiley had been divorced, which should have been indulged in the absence of any testimony to the contrary. See 283 S. W. 271. A writ of error having been granted by the Supreme Court, it referred the case to the Commission of Appeals, Section A, and afterwards adopted the recommendation of said Commission that the judgment of this court be reversed and that the cause be remanded to us for further consideration. See 288 S. W. 413. We have given it such consideration, and have concluded that a jury had a right to construe the testimony of appellee, as a witness, that she "was never served with any citation in any divorce suit," as meaning no more than that she was never *personally* served with a citation in such a suit by Wiley. In that view of appellee's testimony, the jury had a right to indulge the presumption that after she and Wiley separated he removed to some other state and there procured a divorce from her, and this court erred in ruling to the contrary when the cause was first before us.

And we think this court misapprehended the holding of the federal Supreme Court, in Haddock v. Haddock, 201 U. S. 562, 26 S. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1. That holding was not that (on facts like those in this case) a judgment in one state on constructive notice to a defendant in another state is void, but that the courts of another state than the one in which the judgment was rendered are not bound to give effect to such judgment by force of section 1 of article 4 of the federal Constitution and acts of the Congress in conformity thereto declaring that "full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." The effect of the holding was to determine that, in a case like this one, the courts of any other state applying the doctrine of comity, have a right to treat such a judgment as valid if it was valid in the state where it was rendered. See note to Ball v. Cross, 39 A. L. R. 600, where the authorities are cited and discussed. "Courts of justice in one state," said court in Franzen v. Zimmer, 90 Hun, 103, 35 N. Y. S. 612, "will, out of comity, enforce the law of another state, when by such enforcement they will not violate their own laws or inflict an injury on some one of their own citizens." The laws of this state authorize service by publication of a citation to a nonresident of the state. Article 2039, R. S. 1925; Montmorency v. Montmorency (Tex. Civ. App.) 139 S. W. 1168. There was no reason, therefore, why the doctrine of comity should not have been applied in the case had it appeared that Wiley had been divorced from appellee by the judgment of another state than this one based on constructive service of a citation to appellee.

[2] As, therefore, a judgment divorcing appellee from Wiley, which this state would recognize as valid, might have been rendered by a court in another state, the jury had a right to conclude such a judgment was so rendered. 18 R. C. L. 417, 420; 38 C. J. 1328, 1343; 1 Jones on Ev., 101; Tanton v. Tanton (Tex. Civ. App.) 209 S. W. 429; Franklin v. Franklin (Tex. Civ. App.) 247 S. W. 329; Adams v. Cameron (Tex. Civ. App.) 161 S. W. 417. At page 1328 of the volume of Corpus Juris cited it is said:

"In the case of conflicting marriages of the same spouse the presumption of validity operates in favor of the second marriage. Accordingly the burden of showing the validity of the first marriage is on the party asserting it, and even where this is established it may be presumed in favor of the second marriage that at the time thereof the first marriage had been dissolved either by a decree of divorce or by the death of the former spouse, so as to cast the burden of adducing evidence to the contrary on the party attacking the second marriage."

And at page 420 of the volume of Ruling Case Law cited it is said:

"To overcome the prima facie case established by the showing of a subsequent marriage proof of a former marriage is required, and also evidence from which it may be concluded that it has not been dissolved by death or divorce. Mere proof of a prior marriage and that one party had not obtained a divorce is not sufficient, for the other might have obtained such a divorce and left him or her free to contract a second marriage."

The judgment heretofore (to wit, on March 4, 1926) rendered by this court will be set aside, and the judgment of the trial court will be affirmed.