### SKINNER et al. v. VAUGHAN et al.

No. 9976.

Court of Civil Appeals of Texas. San Antonio.

March 10, 1937.

Rehearing Denied April 7, 1937.

Todd & Todd, of Corpus Christi, and J. D. Fair, of Wichita, Kan., for appellants.

Sidney P. Chandler, of Corpus Christi, for appellees.

SLATTON, Justice.

Appellees sued appellants in the Twenty-eighth district court of Nueces county,' claiming as heirs of Roy (Brumly) Vaughan, for partition of certain lots, with three houses situated thereon, in Chamberlain's addition to the city of Corpus Christi, alleging that their claim was in virtue of their father, Roy (Brumly) Vaughan, being the son of C. T. Vaughan. The appellees also claimed rents.

The trial court peremptorily instructed the jury to return a verdict in favor of appellees and 'against appellants for an interest in said property, and submitted to the jury the question of rents. The jury, under instructions from the court, rendered such verdict and determined the reasonable rental value of such property for each year, that is, from 1929 to 1935, inclusive. Judgment was entered accordingly, and the appellants prosecuted this appeal.

The appellees, in making proof of their heirship, offered the deposition of Mrs. E. C. Adams, who testified, that she was sixty-eight years of age and resided in Campbell, Mo.; that she knew C. T. Vaughan, and that he married her sister, Elnora Brake; that her sister's husband was C. T. Vaughan, but she knew him as "Alvin"; that they were married in Hamilton county, Ill., about eight miles west of McLeansboro, about 1882 or 1883, and that to such marriage a boy was born by the name of James Roy; that prior to the birth of the son C. T. Vaughan deserted her sister; that subsequent to the desertion of her sister by the said C. T. Vaughan, and when James Roy was about four years of age, her sister, Elnora Brake Vaughan, after being divorced, married George Brumley. That at the time C. T. Vaughan married her sister he was about twenty-one years of age and her sister, Elnora Brake, was about seventeen or eighteen years of age. She further testified that Mr. Vaughan was a rather small man and would weigh about 130 pounds.

The appellees introduced in evidence the deposition of George Brumley, who was eighty-one years of age at the time of his

deposition, and resided in Campbell, Mo., and his testimony in many respects corroborated that of his sister-in-law, Mrs. Adams. He further testified that he thought so much of the young son, James Roy, that he gave him his name and never did advise him that his correct name was James Roy Vaughan. He also testified that James Roy Brumly entered the service of the Frisco Railroad Company and resided at different terminals of such railroad in the state of Missouri, and during such time married, and of that marriage were born four children, the appellees in this cause.

The appellees offered the deposition of Mrs. B. H. Fowler, who resided at Chaffee, Mo., and was forty-two years of age, and she corroborated the witness, George Brumly, with reference to the parentage of the appellees, and stated that the appellees' father, James Roy Brumly, was killed in a railroad accident prior to 1928, and she, appellees' mother, later married Mr. Fowler, and that she appeared as next friend of her minor children in this case.

One of the appellants, W. C. Skinner, who was called by the appellees, testified that he knew C. T. Vaughan for about forty years, or little better, and that he was his brother-in-law; that C. T. Vaughan married his sister, Mrs. Sylvia Vaughan, in Wichita, Kan., in 1896; that he had known C. T. Vaughan since 1894; that his sister, Sylvia Vaughan, and C. T. Vaughan came to Texas in about 1904, living in Fort Worth and Palestine, Tex.; and that they afterwards moved to Corpus Christi, in about 1906; that Mr. Vaughan followed the vocation of paper hanger and painter; that there were no children born of this marriage; and that C. T. Vaughan died, intestate, in 1928, and about five months thereafter his sister, Mrs. Sylvia Vaughan, died, leaving a will in which the property in suit was left to appellants, W. C. Skinner and his sister, Mrs. Roberta Harper.

Appellees showed by conveyances that the property in suit was conveyed to Mrs. Sylvia Vaughan during her marriage to C. T. Vaughan; such conveyances, however, did not disclose that the property was the separate property of Mrs. Sylvia Vaughan.

Mr. Skinner described the appearance of C. T. Vaughan as a man with dark brown hair and black eyes, about five feet ten inches tall, and that his weight was from 145 to 160 pounds; that he was square-shouldered and a man easily identified.

■ Over the objection of appellants, the court instructed the jury to return a verdict against appellants and in favor of appellees, presumably on the theory that similarity of names is prima facie evidence of identity of persons. However, in doing so, we think he fell into error. As to whether or not the appellees were heirs of C. T. Vaughan was the pith of their right to recover, and we think that under the facts above mentioned it should have been determined by the jury. In order that we may not express our opinion on the weight of the evidence, we will not discuss this proposition further.

That the peremptory instruction was error is well illustrated by the following authorities: Jones on Evidence (3d Ed.) § 100, and authorities there cited; 30 Tex.Jur. p. 618, § 29; 22 C.J. § 32, p. 92; Huston v. Graves (Mo.Sup.) 213 S.W. 77, 5 A.L.R. p. 428; Gaddis v. Junker (Tex.Civ.App.) 29 S.W.(2d) 911; Kelly v. Consolidated Underwriters (Tex.Civ.App.) 300 S.W. 981.

■ The appellants complain of the exclusion by the trial court of a transaction by and between Roberta Harper, one of the appellants, and Mrs. Sylvia Vaughan. W. C. Skinner was sued individually and as executor of the estate of Sylvia Vaughan, deceased, and we think under the adjudicated cases of our Supreme Court in construing article 3716, Rev.St., that all parties to this suit would not be permitted to testify to a transaction with the deceased Mrs. Sylvia Vaughan, unless called by the opposite party. We are of the opinion that on the record as presented in this appeal, the trial court was correct in excluding the testimony. Cook v. Baker (Tex.Com.App.) 45 S.W.(2d) 161; Lassiter v. Bouche et al. (Tex.Com.App.) 14 S.W.(2d) 808; Garrett v. Garrett, 124 Tex. 330, 78 S.W.(2d) 157; Dunn et al. v. Vinyard (Tex.Com.App.) 251 S.W. 1043; Spencer et al. v. Schell, 107 Tex. 44, 173 S.W. 867.

We deem it advisable to add that we are not here passing on the question of the advisability or the necessity of this suit being brought against W. C. Skinner, in the capacity of executor of the estate of Sylvia Vaughan, deceased, as that question is not before us.

■ By another proposition appellants complain of some of the evidence admitted, over their objection, to prove marriage and heirship, claiming that the same is hearsay. We are of the opinion that hearsay evidence is admissible to prove pedigree, heirship, and parentage. See Tex.Jur., vol. 17, p. 600, § 250 et seq.

456

Appellants further complain of the exclusion by the court of an alleged certificate of the county clerk of Hamilton county, Ill., which certificate was not brought forward in the statement of facts of the record before us. We are not in a position to pass upon its admissibility.

We have discussed some of the propositions not necessary to determination of the cause now before us, in view of another trial. For the error of the court in the peremptory instruction, as hereinbefore discussed, this cause is reversed and remanded for another trial.