## ADAMS v. ADAMS.
### No. 3527.

Court of Civil Appeals of Texas.
Beaumont.

Oct. 5, 1939.

498

Morris & Bennett, of Beaumont, for appellant.

Howth, Adams & Hart, of Beaumont, for appellee.

WALKER, Chief Justice.

Lee Adams died on or about June 1, 1931, in Beaumont, Texas. On July 29, 1931, Willie Hartnett Adams, claiming to be the common law wife of the deceased, filed her application in the probate court of Jefferson County to be appointed administratrix of his estate. On the 7th of August, 1931, Earl Adams, brother of the deceased, filed his application to be appointed administrator and contesting the application of Willie Hartnett Adams—denying in his contest that she was the common law wife of deceased. On the 8th day of September, 1931, the county court of Jefferson County entered its judgment, granting administration and appointing Willie Hartnett Adams administratrix. She took the oath of office and filed her bond, duly qualifying as administratrix. Earl Adams duly prosecuted his appeal from the judgment of the county court, and on his appeal all proceedings from the county court were filed in the district court of Jefferson County, on October 9, 1931. On the 28th day of July, 1936, Mrs. Willie Hartnett Adams filed in the county court of Jefferson county, in probate, her application to declare the heirship of Lee Adams, decd., alleging that she was his common law wife, and that the other heirs were Earl Adams and Terrell Adams, brothers of the deceased. On September 1, 1936, Earl Adams filed his answer to this proceeding, consisting of a plea to the jurisdiction, general and special demurrers, and especially denying that Mrs. Willie Hartnett Adams was the common law wife of the deceased, and denying that she was an heir of the deceased, or related to him in any way. On the 27th day of January, 1937, the county court entered its judgment in these proceedings, finding that Mrs. Willie Hartnett Adams was the common law wife of Lee Adams, and that Earl and Terrell Adams were his brothers. From that judgment Earl Adams duly prosecuted his appeal to the district court of Jefferson County.

On November 2, 1938, the district court entered its order consolidating the two appeals in the Adams estate. On the 4th day of November, 1938, the consolidated cause was submitted to a jury, and on its verdict the court entered its order granting administration on the estate of Lee Adams, decd., appointing Mrs. Willie Hartnett Adams administratrix, and decreeing that she was the common law wife of the deceased. It was further found that Earl and Terrell Adams were the brothers of the deceased; additional orders were made effectuating the judgment of the district court.

Earl Adams duly prosecuted his appeal from the judgment of the district court, and the issues presented by his appeal are before us on the following propositions:

First: He contends that the evidence was insufficient to raise the issue of common law marriage between Lee Adams, decd., and Willie Hartnett Adams. This contention is denied. Evidence was introduced, sufficient to raise the issue, that the deceased and Willie Hartnett

Adams entered into a common law contract to be husband and wife; that they cohabited together; and that they held themselves out to their friends and associates as man and wife. There was affirmative testimony on these issues, and it would serve no useful purpose to set out the evidence in detail.

Second: The point is made that the evidence is insufficient to support the verdict of the jury finding the common law marriage. In view of the disposition we are making of the case, we pretermit a discussion of that proposition.

Third: It is further contended that Mrs. Willie Hartnett Adams was estopped to claim a common law marriage with Lee Adams, the deceased. The facts on this proposition are summarized as follows by appellant in his third proposition: "The evidence showing that the plaintiff, Mrs. Willie Hartnett, at all times during her marriage relationship with the deceased, Lee Adams, conducted all of her affairs in her own name as a feme sole, sold, conveyed, and purchased real property, vendor's lien notes, and transacted other business in her own name as a feme sole, and shortly before the death of Lee Adams, made an affidavit to the effect that she was not married to any one, but that she was a feme sole at said time, which was long after the alleged date upon which she and Lee Adams agreed to become man and wife and began the relationship upon which she predicates her claim as a common law wife; and the evidence further showing that she paid her poll tax in her own name as a feme sole, swore to renditions of property to the Tax Assessor of the South Park Independent School District and the State and County Tax Assessor in her own name as a feme sole, carried her public utility meters in her own name as a feme sole * * *; and the evidence further showing that Lee Adams made checks payable to her in her own name as a feme sole * * *; the said Mrs. Willie Hartnett is estopped by the record from claiming to be the common law wife of Lee Adams, deceased." We overrule appellant's proposition of estoppel. As we understand the opinion of the Commission of Appeals in De Beque v. Ligon et al., 292 S.W. 157, expressly approved by the Supreme Court, the circumstances relied upon by appellant to constitute estoppel were merely evidentiary on the issue of common law marriage.

Fourth: The testimony reflected by the following bill of exception was received in violation of article 3716, R.S. 1925:

"Q. I'll ask you whether or not you contracted a common law marriage with Lee Adams after the death of Miss Adams? A. Yes, sir.

"Mr. Morris: I think that is a conclusion.

"The Court: That would be a conclusion; let her state the facts to the jury.

"Q. All right; go ahead and tell when it occurred.

"The Court: That is the issue before the jury, gentlemen, as to whether or not she did. State the facts.

"Q. Go ahead and explain whether or not you lived in the same house after Miss Adams' death? A. After she died, Lee didn't have anybody and I was in the same shape.

"Q. Was Lee a widower, too? A. He was a bachelor.

"Q. And you were a widow? A. Yes; so then in 1924 on the 4th of July we decided we would just live together; we didn't have nobody.

"Mr. Morris: We object to that and ask the jury to disregard it as being a transaction with the deceased.

"Mr. Howth: He didn't object to it on that ground.

"Mr. Morris: We are objecting to it now.

"A. It is true.

"The Court: Wait a minute, Mrs. Adams.

"Mr. Howth: I think she has got the right to testify when the common law marriage was contracted. We allege in our petition that it was contracted on July 4, 1924, I believe.

"The Court: I am going to permit her to tell the facts of what happened prior to his death.

"Q. All right; just go ahead and tell what, if any, agreement you and Lee Adams made and when it was made.

"Mr. Morris: Note our exception. We object to all of it and reserve a full bill.

"The Court: I don't believe, Mr. Howth, you quite understand the Court's position on that. I want to restrict that, not have her repeat any conversation with him, but she can state the facts that happened.

"Mr. Howth: Just the ultimate facts.

"The Court: But don't state any conversations between them or things of that nature.

"Q. As to whether you and Lee Adams did or did not on or about the 4th day of July agree to live together as man and wife and hold each other out as that, what are the facts? Did you or not? A. Yes, sir; we lived together. And it was not very pleasant for either one of us. He was sick practically all the time.

"Q. Just answer my question as to whether or not on or about that date you agreed to live together as man and wife and held each other out as man and wife.

"Mr. Morris: We object—

"A. We did.

"The Court: That's the very fact the jury has to pass on.

"Mr. Howth: We ask the Court to instruct the jury not to consider the testimony with reference to any agreement or transaction with the deceased.

"The Court: I will instruct the jury not to regard the witness' statement as to the agreement. She can state, Mr. Howth —I'm trying to make it in such a way that you can introduce the testimony without being in conflict with the dead man's statute. I must prohibit her from relating any agreement. She can state the fact of her living there, what she did.

"Q. All right; just tell what you did as to whether you lived with Lee Adams as his wife and held yourself out as his wife? A. We did.

"Mr. Morris: If the Court please, we object to that as being a transaction with the deceased.

"Mr. Howth: No; that don't involve a transaction with him. It is what she did.

"The Court: Overrule the objection.

"Mr. Morris: Note our exception.

"Q. You say you did live with him as his wife? A. Yes, sir, I did.

"Q. And held yourself out as such? A. Certainly did.

"Q. And when did that begin? A. 1924, July the 4th.

"Q. That's when it started? A. Yes, sir.

"Q. As to whether it continued up to the date of his death or not? A. Yes, sir, up to the last minute of his life.

"Mr. Morris: Our objection goes to all of this, your Honor, as a transaction with the deceased."

Berger v. Kirby et al., 105 Tex. 611, 153 S.W. 1130, 51 L.R.A.,N.S., 182; Schwingle v. Keifer et al., 105 Tex. 609, 153 S.W. 1132; Averitt v. Warren, Tex.Civ.App., 125 S.W. 2d 691; Jones-O'Brien, Inc., v. Lloyd, Tex. Civ.App., 125 S.W.2d 684; Quiroz v. Cantu, Tex.Civ.App., 119 S.W.2d 569; R.S.1925, Art. 3716; Adams v. Adams, Tex.Civ.App., 253 S.W. 605; Leahy v. Timon, 110 Tex. 73, 215 S.W. 951, 953; Holland v. Nimitz, 111 Tex. 419, 232 S.W. 298, 299, 239 S.W. 185. Under the well established construction of article 3716, R.S. 1925, Mrs Willie Hartnett Adams should not be permitted to testify to transactions between her and Lee Adams, decd., or to any association with him, which, were he alive and offered as a witness, he could either corroborate or deny.

▮ Fifth: Appellee's counter-proposition against our construction of appellant's bill of exception is that a part of the testimony brought forward by the bill was admissible, and against such testimony appellant's exception was properly overruled; therefore, appellee contends that the court did not err in overruling appellant's bill of exception. She cites in support of her counter-proposition Wells v. Hobbs, 57 Tex.Civ.App. 375, 122 S.W. 451; Holman v. Holman, Tex.Civ.App., 283 S.W. 271; Holman v. Holman, Tex.Com.App., 288 S.W. 413; Holman v. Holman, Tex. Com.App., 294 S.W. 601; Potter v. Wheat, 53 Tex. 401; Speer's Marital Rights, 1929 Ed., par. 35, p. 42. The legal principle contended for by appellee is thoroughly established in our jurisprudence, but is not controlling on the facts of appellant's bill. It clearly appears from the bill that appellant was directing his exception to that portion of the testimony of Mrs. Willie Hartnett Adams inhibited by article 3716.

For the reasons stated, the judgment of the lower court is reversed and the cause remanded for a new trial.