SKINNER et al. v. VAUGHAN et al.

No. 4051.

Court of Civil Appeals of Texas. El Paso.

March 27, 1941.

Rehearing Denied April 24, 1941.

G. G. Hazel and Wolfe & Massie, all of Corpus Christi, and Hazel & Ruhmann, of Alice, for appellants.

Sidney P. Chandler, of Corpus Christi, for appellees.

PRICE, Chief Justice.

This is an appeal from the District Court of Nueces County. As plaintiffs, Opal, Harold, Vernon and Paul. Vaughan recovered a judgment against Roberta Harper, Loura R. Blair and Clifford Skinner,

as defendants, decreeing to plaintiffs each an undivided one-eighth interest in certain lots in Chamberlain Addition to the City of Corpus Christi; to the defendants Loura R. Blair, Roberta Harper, and Clifford Skinner, an undivided one-sixth interest each in said property; ordering the property sold, adjudging to plaintiffs a lien on the proceeds of the sale of the interest adjudged to the defendants in the sum of $762.50; order of partition of the proceeds of the sale among the parties in accordance with their respective interests. From this judgment the defendants last named have perfected this appeal.

The trial petition of plaintiffs alleged in substance that they were the children of Roy Vaughan, deceased, the grandchildren of C. T. Vaughan; that their father, Roy Vaughan, was the only child of C. T. Vaughan and his first wife, Elnora Brake Vaughan; that C. T. Vaughan died intestate in 1928; there was no administration on his estate; that at the time of his death he and Sylvia Vaughan, now deceased, owned as community property the property in controversy here; that their father predeceased C. T. Vaughan, and that they, as the grandchildren of said C. T. Vaughan, inherited his one-half interest in the property. Plaintiffs likewise sought to recover the rental value of their alleged one-half interest in the property in controversy; that defendants claimed the property through the will of Sylvia Vaughan, deceased.

Defendants urged general and special exceptions to plaintiffs' petition, then set up specially that the property in controversy was the separate property of Sylvia Vaughan; that by her will she devised same to defendants Roberta Harper and W. C. Skinner, and the title vested in them under said will; that W. C. Skinner is dead, and his interest is now vested in defendants Loura Blair and Clifford Skinner. Defendants further set up expenditures of certain sums of money in the payment of taxes and for the upkeep of same, and pray, in the event of recovery of rent by plaintiffs, that such items be offset against the rents. This special pleading is followed by general denial.

The trial was to the court, submission on special issues. The court, on motion of the plaintiffs, set aside the finding of the jury on certain of the issues relating to offsets claimed by defendants, and on the verdict entered the judgment above outlined.

This is the second appeal of this case. Skinner v. Vaughan, 103 S.W.2d 454. In that case the San Antonio Court of Civil Appeals reversed and remanded a judgment which was founded on an instructed verdict in favor of the plaintiffs. The basis of the reversal was that it was an issuable fact as to plaintiffs being the heirs of C. T. Vaughan. The action of the trial court in excluding testimony relative to a transaction between Roberta Harper and Mrs. Sylvia Vaughan was approved, the holding being that the testimony as to the transaction came within the prohibition of Article 3716, R.C.S. In connection with this ruling, however, it is stated in the opinion that the court was not passing on the question of the advisability or necessity of the suit being brought against W. C. Skinner in his capacity of executor of the estate of Sylvia Vaughan, deceased.

This trial was upon plaintiffs' third amended original petition. Probably not the pleading before the court on the former appeal.

In the former appeal W. C. Skinner, in his individual capacity and as executor of the estate of Sylvia Vaughan, was a party. In this appeal he is not a party, either individually or as executor. His interest is represented by his heirs, Mrs. Loura Blair and Clifford Skinner.

No heir or legal representative of Sylvia Vaughan is now a party hereto. Cook v. Baker, Tex.Com.App., 45 S.W.2d 161.

■ As to whether the plaintiffs are the same, we have no means of knowing. Defendants, by way of special exception preceded by a general demurrer, say that Opal Vaughan, one of the plaintiffs, is a married woman, being the wife of Cresco Palma House, who is still living in Chaffee, Missouri. This is a speaking demurrer. It is not sworn to, and the question of the capacity of Opal Vaughan to appear as plaintiff is not legally raised thereby.

Plaintiffs' petition was not subject to the general exception urged by the defendants.

There were in reality but two controlling issues involved in the case. The first of these was as to whether or not the plaintiffs were the grandchildren of the C. T. Vaughan who was the husband of Sylvia Vaughan at the time the property in controversy was conveyed to Sylvia Vaughan; second, as to whether the property was the community property of C. T. Vaughan and

his wife, Sylvia Vaughan, or the separate property of Sylvia Vaughan.

The first issue was solved by the jury in favor of plaintiffs. We hold that the evidence is sufficient to support this finding.

The second issue as to the status of the property was not submitted to the jury. It was found, as a matter of law, by the court to be community property.

There is error charged as to the exclusion of evidence bearing upon the issue of heirship. However, we shall first consider the question as to the status of the property in controversy.

■ Defendant Roberta Harper, then Roberta Whitlock, executed and delivered to Mrs. Sylvia Vaughan a deed purporting to convey to said Mrs. Vaughan part of the property in controversy. The consideration recited in this deed was two hundred dollars, eighty dollars cash, the receipt of which was acknowledged, and a promissory note in the sum of one hundred and twenty dollars, due on the 25th day of April, 1909, recited to have been executed by Sylvia Vaughan. This deed is dated "this 26th day of ———, 1907." It purports to have been acknowledged by Roberta Whitlock on the 26th day of April, 1907. It was filed for record on the 2nd day of December, 1909. On the 25th day of April, 1907 Roberta Whitlock executed and delivered to Mrs. Sylvia Vaughan a deed purporting to convey to her the other portion of the premises in controversy. The consideration recited in the deed was three hundred dollars cash, the receipt of which was acknowledged. On the 10th day of June, 1909, Roberta Whitlock, now Roberta Harper, executed and delivered to Mrs. Sylvia Vaughan a release of the vendor's lien securing the one hundred and twenty dollar vendor's lien note heretofore mentioned, wherein she acknowledged the payment of said note and released the vendor's lien. On the date of the execution of the above instruments by Roberta Whitlock, C. T. Vaughan and Sylvia Vaughan were husband and wife. The deeds contain no recitals indicating that the property was to be the separate property of Mrs. Vaughan, or that same was paid for or contemplated to be paid for out of her separate estate. There was no recitation that same was a gift to her from her sister, Roberta Whitlock.

It is elementary that the property was presumed, from the face of the instruments conveying the property, to be community property.

■ Defendants pleaded that the property involved was a gift to Sylvia Vaughan and intended and conveyed to her to be a part of her separate and individual property and estate. In support of their contention that the property was a gift from defendant Roberta Harper, then Whitlock, defendants offered the testimony of Roberta Harper and Mrs. M. J. Hearn. Mrs. Hearn, as well as Mrs. Harper, was a party defendant to the litigation, but Mrs. Hearn had theretofore disclaimed any interest in and to the property. The evidence of Mrs. Harper and Mrs. Hearn related to what took place at the time the deeds executed by Mrs. Harper to Mrs. Vaughan were delivered. It seems, according to the testimony tendered, that present at the time were C. T. Vaughan and his wife, Sylvia Vaughan, Roberta Harper, then Whitlock, W. C. Skinner and his wife, now Mrs. M. J. Hearn, and perhaps others. The general purpose and tenor of this testimony was that the three hundred dollars recited in one of the deeds from Roberta Whitlock to Mrs. Vaughan was never paid. It was understood between Roberta Whitlock and Mrs. Vaughan that same was never to be paid and the property was a gift from Roberta Whitlock to Mrs. Vaughan. Most of the testimony related to statements made by Roberta Whitlock to Mrs. Vaughan and declarations by Mrs. Whitlock. In regard to the deed wherein the consideration was eighty dollars cash and the note for one hundred and twenty dollars, that the eighty dollars was never paid nor contemplated to be paid, and the note was never intended to be paid; that the recited consideration was placed in the deeds upon the insistence of Mrs. Vaughan. Mrs. Vaughan stating that Mrs. Whitlock had minor children, and that the recital as to a gift might cause difficulty in the future; furthermore, that if she desired to dispose of the property in the future, a recited consideration might be of advantage.

When the testimony of Mrs. Hearn was tendered the plaintiffs objected thereto. The objection was somewhat involved and is not entirely clear to us. It was as follows: "Your Honor please, I am going to object to any character of testimony with reference to what occurred at that time. The deeds are the best evidence, and they

are in evidence, and the parties are claiming here under the will of Sylvia Vaughan. They cannot, as a matter of law, deny the title that they claim. Furthermore, any such claims now are barred by the statutes of three, five, ten and twenty-five years statutes of limitation. Furthermore, the deeds are contractual in their nature; the defendants here cannot refute those deeds that have been executed, and deny the passing of the title, as the law contemplates will pass under those deeds, and we object to any such testimony by this or any other witness, so far as that is concerned, but particularly this witness, as to any transaction or any conversation that took place there at that time. They cannot deny the title under which they claim, and this record shows that they are claiming under the will of Sylvia Vaughan, whatever title they have is claimed under the will of Sylvia Vaughan, and they are now forever estopped, having elected to take under that will, they are now forever estopped from denying that title, and from attempting to change and trying to claim adversely to that claim under that will; and if your Honor cares to see any authorities on that point, I am in position to give your Honor the benefit of some very able opinions by the Supreme Court and other Courts of Texas sustaining that proposition of law."

This objection was sustained by the court. The jury retired, and for the purpose of the bill Mrs. Hearn testified in substance as above indicated. After hearing the testimony the court adhered to its ruling. Defendants duly excepted.

We cannot find where any objection was urged to Mrs. Hearn's testimony under Article 3716. However, if such objection was urged, same was not tenable. Mrs. Hearn, having disclaimed, had no substantial interest in the controversy. Eastham v. Roundtree, 56 Tex. 110; Oaks v. West, Tex.Civ.App., 64 S.W. 1033; Smith v. Rickerts, Tex.Civ.App., 38 S.W.2d 644.

■ We think comprehended in the objection of plaintiffs was the contention that the tendered testimony was an attempt to alter and vary the deeds and the effect thereof by parol testimony. One of the deeds recites the entire consideration as three hundred dollars, and acknowledges the payment thereof. In our opinion this recital is in the nature of a receipt, and defendants might show whether same was paid and, if not, what was the real consideration of the deed. Mahon v. Barnett,

Tex.Civ.App., 45 S.W. 24; Burns v. Nichols, Tex.Civ.App., 207 S.W. 158; Hall v. Barrett, Tex.Civ.App., 126 S.W.2d 1045.

The justification for the trial court's rejection of this testimony on the former appeal was that it was a transaction between Roberta Harper and Sylvia Vaughan in a suit wherein the executor of Sylvia Vaughan was sued as such. See Skinner v. Vaughan, supra.

It is not shown, however, that the objections here urged were also urged in the former trial. If it may be shown that recitals in a deed to one of the spouses sufficient to make same the separate property of such spouse inserted without the knowledge of the other spouse may be contradicted and shown to be untrue, we see no real reason why, as applied to the deed we are discussing, the recital of the three hundred dollars cash consideration should not be shown to be incorrect and the real consideration shown. Kearse v. Kearse, Tex. Com.App., 276 S.W. 690.

We hold that the rejection of this testimony on the part of the trial court was error.

We do not mean to hold that the testimony of Mrs. Hearn was conclusive as to the deed we have just discussed. What we hold is that if such testimony had been admitted, an issue for the determination of the jury would have thereby been raised.

■■ As to the deed wherein the consideration was two hundred dollars, eighty dollars cash, the receipt of which was acknowledged, and a vendor's lien note for one hundred and twenty dollars executed, the situation is somewhat different. As to the eighty dollars, the statement that same had been paid was in the nature of a recital, and same could have been shown by parol testimony to be incorrect. The agreement to pay $120 in the future was contractual in its nature, we think. Certainly Mrs. Whitlock would not have been allowed to show, in the face of the deed, that other and further notes were to be given or other and a greater consideration to be paid. It is to be noted, however, that the instrument does not seem to contemplate that Mrs. Vaughan's husband should sign the note. There is no evidence that he did, and the deed and the release of the vendor's lien seem to negative that he did sign same. If this be correct, there was not a personal legal obligation created on the part of either Mr. or Mrs. Vaughan to pay such note. Legally the property might be looked to as

a source for its payment. This was the situation, however, as we understand it, in the case of Kearse v. Kearse, supra. There is an absence of evidence that it was contemplated that Mrs. Vaughan pay this note out of her separate estate. Under the evidence adduced and the evidence tendered, the only theory upon which this property could be held the separate property of Mrs. Vaughan was that same was a gift to her. Unquestionably the recitation of the consideration both executed and executory negative the theory. Consistent therewith is perhaps lack of liability on her part on the note. There was testimony tendered that the note was never paid; that without consideration Mrs. Whitlock executed to her a release of the lien in which a payment of the note was acknowledged. It is true that the status of property as to being separate or community property is determined as of the inception of the title. Now if the eighty dollars cash consideration was neither paid nor was it contemplated to be paid, the same cannot be said to be a gift from Mrs. Whitlock to her sister. It was simply a recital of a false consideration.

In view of the fact that no personal liability on Mrs. Vaughan's part was created by signing the note, and in view of the fact that her husband apparently did not sign same, we are inclined to the belief that the testimony should have been admitted. Kearse v. Kearse, supra.

Furthermore, giving full credence to the tendered testimony that Mrs. Whitlock released the vendor's lien and acknowledged payment of the note without payment of consideration by her sister, we think this would be sufficient to cause the property to become the separate property of Mrs. Vaughan. If we give full credence to the testimony that the eighty dollars was neither paid nor contemplated to be paid and the execution of the note was exactly what it purported to be, then, the legal title was still vested in Mrs. Whitlock. The credit of the community had not been pledged to acquire same.

We think it was error to reject the testimony. Had the testimony been admitted we hold an issue of fact would have been raised as to the status of this property.

Under our holdings a retrial of this case will be necessary. In view of another trial we deem it necessary that we pass upon plaintiffs' objection that Mrs. Harper was not competent to testify under Article 3716.

Her testimony in the former trial was, as we understand the opinion on appeal, held properly rejected because same involved a transaction between Mrs. Harper and Mrs. Vaughan, and that W. C. Skinner was sued as the executor of Mrs. Vaughan. This exact situation has passed from the case. The objection invoking this statute was very general in character and might be held insufficient to raise the question. However, we think it our duty to discuss and dispose of same.

At the time and place where the alleged deeds were actually delivered C. T. Vaughan was present. If a transaction between C. T. Vaughan and Roberta Whitlock is involved therein, then a situation is presented which was not discussed in the former appeal.

According to the testimony tendered Mrs. Vaughan made the contract to acquire this property in her husband's presence. Deeds appropriate to confer upon him an equitable title to one-half the property were then and there executed. This testimony seeks to entirely change the presumed effect of these deeds. Perhaps his assent, dissent, or intention was immaterial if the transaction amounted to a simon-pure gift to his wife by a third party. Ullman, Lewis & Co. v. Jasper, 70 Tex. 446, 7 S.W. 763. On the other hand, if the transaction was just what the documents purported it to be, he stood silent and did not protest when it was stated to be otherwise. If equity he had in the property, it arose from the fact that there was a valuable consideration paid. If paid by him or by his wife, under the facts as sought to be developed, it was immaterial. The land vested in her for the community. It is hardly conceivable that where one had paid three hundred dollars to another for land that he would stand silently by when the one receiving the payment asserted that she had not been paid one cent for the property and did not expect payment therefor. The law gave him custody and control of the community estate—presumptively at least, if payment had been made from the community estate he would know it. Mrs. Harper, it is true, did not offer to testify that Mr. Vaughan did or did not protest her statement. Hrs. Hearn did so testify in effect. But included in the tender of the testimony of Mrs. Harper was the making by her in the presence of the deceased of the statement shown in the bill. The only claim of title asserted

to the property by plaintiffs is as heirs of C. T. Vaughan. This being true, the judgment to be rendered affects them in that capacity. Mrs. Harper is a party defendant. If alive, C. T. Vaughan could contradict her.

In our opinion the testimony is as to a transaction with deceased, and under Article 3716 Mrs. Harper was not competent to testify with reference thereto. Johnson v. Lockhart, 16 Tex.Civ.App. 32, 40 S.W. 640; Abbott v. Stiff, Tex.Civ.App., 81 S.W 562; Perez v. Maverick, Tex. Civ.App., 202 S.W. 199; Holland v. Nimitz, 111 Tex. 419, 232 S.W. 298, 239 S.W. 185; Stewart v. Miller, Tex.Civ.App., 271 S.W. 311.

Our conviction as to this matter is not without doubt. In our opinion, in the last analysis, the tendered testimony seeks to establish an admission on the part of the deceased Vaughan that the property was the separate property of his wife.

Complaint is made of the admission of the testimony of deceased W. C. Skinner on a former trial. The basis of this objection seems to be that the parties are not the same. There has been no such change of parties in this case as would render such testimony inadmissible. The testimony was properly admitted over the objection made thereto.

■ Defendants tender in evidence a certified copy of a marriage license purporting to have been issued the 19th day of September, 1883, by the County Clerk of Hamilton County, Illinois, for Thomas A. Vaughan, of that county, and Elnora Brake, the return thereof by a Minister of the Gospel certifying that on that date he had united in marriage Thomas A. Vaughan and Mrs. Elnora Brake. The sole certification to the record is as follows:

"Clerk's Certificate

"State of Illinois, Hamilton County.—33.

"I, Roy Phipps, County Clerk, in and for the County of Hamilton and State aforesaid, do hereby certify that the attached is a true and correct copy of a Marriage License and Returns to the County Clerk of the Marriage of Thomas A. Vaughan to Elnora Brake as appears among the records and files of this office.

"In testimony whereof, I have hereunto set my hand and affixed the seal of the County Court at my office in McLeansboro, Illinois, this 29th day of November, A. D. 1939.

"Roy Phipps, County Clerk, "By ———, Deputy Clerk."

This certified copy was rejected by the court on the objection of plaintiffs. Just what the objection was does not appear from the statement under the proposition urging error. However, we shall consider it as though the objection was lack of proper certification.

Defendants, as sustaining the admissibility of this evidence, cite Articles 3720 and 4606, R.S.1925, and cite, further, Stoker v. Patton, Tex.Civ.App., 35 S.W. 64; Lopez v. Missouri, etc., Railway, Tex.Civ. App., 222 S.W. 695; Jones v. State, 112 Tex.Cr.R. 470, 17 S.W.2d 1053; 28 Texas Jurisprudence, p. 736, Sec. 39; Speer, page 15, Sec. 15.

We think unquestionably the two articles of the statutes cited refer to the records of this State. The precedents cited by defendants we think, likewise, deal with the records of this State. We think the authentication required to entitle this copy to be admitted in evidence is laid down by section 688, U.S.C.A., Title 28. See also Newsom v. Langford, Tex.Civ.App., 174 S.W. 1036; Id., Tex.Com.App., 220 S.W. 544; Walker v. State, 64 Tex.Cr.R. 70, 141 S.W. 243; Paul v. Chenault, Tex.Civ.App., 44 S.W. 682; J. I. Case Co. v. Laubhan, Tex.Civ.App., 77 S.W.2d 578. We think, properly authenticated, this evidence would be admissible. It may throw light on the identity of the party marrying Elnora Brake.

■ Defendants offered in evidence a marriage license of Claud T. Vaughan and Lulu Beckner, purporting to issue from the office of the Probate Judge of Sedgwick County, Kansas, on the 13th day of June, 1894; same purporting to have been returned on the 15th day of June, 1894, by S. M. Tucker, Justice of the Peace, certifying to his uniting said parties in marriage on the 13th day of June, 1894. This copy is certified to by Clyde M. Hudson, as sole Judge and ex-officio Clerk of the Probate Court of Sedgwick County, under the seal of the Probate Court of that County. As Probate Judge he certifies to his qualification as ex-officio Probate Clerk; as ex-officio Probate Clerk he certifies to his qualification as Probate Judge. All certificates bear the seal of the court.

The objections made are not pointed out in the statement. However, there is a reference to the statement of facts. A reference to the statement of facts shows that the objection went to the form of the certification, and also to the relevancy of the testimony. This certificate bears intrinsic evidence of an attempt at least to comply with section 688, Title 28, U. S.C.A. It is authenticated by the seal of the court, by the signature of the presiding Judge thereof, his signature being verified by the certificate of the clerk, and his certificate likewise verifying the status and signature of the clerk. In our opinion the certificate is at least substantial compliance with the Federal Statute. We think lack of proper authentication was not a valid objection to the admission of the copy in evidence.

Now as to the objection of lack of relevancy: It is somewhat hard to determine upon what issue this testimony has bearing. The theory might be that it tended to show that C. T. Vaughan, going through the ceremonial marriage, was incompetent to marry, for the reason that the dissolution of his marriage with Lulu Beckner had never been shown.

■ There is a well-established rule that parties going through a ceremonial marriage are at least presumed competent to contract such marriage. Holman v. Holman, Tex.Com.App., 288 S.W. 413.

■ It is likewise true that one asserting incompetency of either of the parties to such ceremonial marriage must, in order to establish such incompetency, negative every ground of competency. Holman v. Holman, supra.

■ In short, if C. T. Vaughan married Elnora Brake, thereafter married Lulu Beckner, and thereafter married Sylvia Skinner, in case of each marriage there is a presumption of competency to contract the marriage. There is no evidence in this record sufficient to overcome this presumption. However, this is not a complete answer to the rejection of the testimony. While the presumption of competency is as we have stated, a party has a right to attack and overthrow this presumption. One of the means of doing this would be to show an undissolved valid marriage. The showing of the marriage would be part of the issue.

■ Now assuming that Lulu Beckner married C. T. Vaughan, that he had for-merly been the husband of Elnora Brake, and subsequently became the husband of Sylvia Vaughan (nee Skinner), there is nothing in the record to show that Lulu Beckner did not die before his last marriage was contracted; there is no evidence that such marriage was not terminated by divorce. There was no tender of testimony to show these facts. There was no error in the court's rejection of the testimony.

■ Defendants assign error on the refusal of the court to submit at their request the following special issue: "Do you find from a preponderance of the evidence that C. T. Vaughan and Elnora Brake were ever legally divorced from each other? Answer 'yes' or 'no.'"

The burden was upon defendants to show that the marriage had not been dissolved by a divorce. As we have stated, the presumption was that there had been a divorce. George Brumley, who married Elnora Brake subsequent to her marriage with Vaughan, testified by deposition that "No divorce was ever had to my knowledge, but it looked plain enough to me and to her that he did not want her any more, and would never come back and bother us." On cross-examination: "Don't think she was ever divorced from Vaughan; never did hear her say anything about her divorce, and satisfied she never was. She has told me all about her marriage with Vaughan over at her Aunt Hailey Kings." This, from our examination of the record, is all the testimony tending to negative that the marriage was dissolved by divorce.

■ As we have stated, ceremonial marriage being shown, a presumption of the competency of each party thereto arises. In order to overcome this presumption the evidence must negative every supposable state of facts that would confer such competency. Nixon v. Wichita Land & Cattle Co., 84 Tex. 408, 19 S.W. 560; Holman v. Holman, Tex.Com.App., 288 S. W. 413; Id., Tex.Com.App., 294 S.W. 601; Floyd v. Fidelity Union Casualty Co., Tex. Civ.App., 13 S.W.2d 909; Shaw v. Shaw, Tex.Civ.App., 28 S.W.2d 173; Lewis v. Lewis, Tex.Civ.App., 125 S.W.2d 375; Brown v. Phillips Petroleum Co., Tex.Civ. App., 144 S.W.2d 358.

■ The burden is upon the one asserting the invalidity of a ceremonial marriage on account of the incompetency of one of the parties thereto to establish such incompetency by a preponderance of the

evidence. Adams v. Wm. Cameron & Co., Tex.Civ.App., 161 S.W. 417, and authorities there cited; Franklin v. Franklin, Tex. Civ.App., 247 S.W. 329.

There is some analogy between this case and the case of Holman v. Holman, supra. There, the woman testified that she had never filed any suit for divorce nor been served with any citation in a suit by her husband. Here, the question is not as to the validity of the marriage between George Brumley and Elnora Brake Vaughan, but between C. T. Vaughan and Sylvia Skinner. There was no showing as to the opportunity George Brumley or his wife had of knowing whether the marriage between Mr. and Mrs. Vaughan had been dissolved by divorce. Competency of Elnora Vaughan to consummate marriage with Brumley would show in a measure competency of C. T. Vaughan if she had been previously married to him to consummate a marriage. From the marriage of C. T. Vaughan and Sylvia Skinner there arises a presumption of his competency to contract same.

Although we are not free from doubt as to the matter, we think the evidence insufficient to raise the issue.

If the evidence raises the issue on another trial the burden thereof is upon the defendants. Adams v. Wm. Cameron & Co., supra; Franklin v. Franklin, supra.

There remains in this case to be determined as to whether, if plaintiffs are entitled to recover, they are entitled to recover the one-half rental value of the land during the pendency of the suit.

We think the law applicable to this matter is admirably stated in the case of Buchanan v. Davis, Tex.Civ.App., 43 S.W.2d 279, loc. cit. 283. It is there said: "Where such tenancy in common is not acknowledged but denied, and the tenant in exclusive possession asserts an adverse claim to the entire property and holds possession thereof under such claim, the excluded tenants in common may, without demand for joint possession, recover for the use and occupation of their part of the land. East-

ham v. Sims, 11 Tex.Civ.App. 133, 32 S.W. 359, 361, et seq., and authorities there cited; Stephens v. Hewitt (Tex.Civ.App.) 77 S. W. 229, 230 (writ refused); Autry v. Reasor, 102 Tex. 123, 127, 108 S.W. 1162, 113 S.W. 748; Markum v. Markum (Tex.Civ. App.) 273 S.W. 296, 298, par. 6, and authorities there cited."

It seems that this suit has been pending since 1929. At all times since the death of Sylvia Vaughan, defendants, or their predecessors in title, have held and claimed the exclusive possession of this property. This possession has been maintained from the institution of this litigation until the present time. In our opinion, if plaintiffs establish an undivided one-half interest in this property, they are entitled to recover the reasonable rental value thereof. This should perhaps be modified with this statement: that it seems the title of defendants Clifford Skinner and Loura Blair came to them during the pendency of this litigation. Personally, of course, they would not be liable for the wrongful withholding of the premises by their ancestor, W. C. Skinner. In the present state of the pleadings we do not believe that the property in their hands could be so held. See Cook v. Baker, Tex.Com.App., 45 S.W. 2d 161. If defendants have placed improvements upon this property adding to the value thereof they are entitled to have same taken into account in the partition thereof, should the judgment entered require a partition. If they have expended sums in the reasonable repair and preservation of the property, this likewise should be taken into account if a partition be adjudged.

We have perhaps written at greater length in this case than was necessary or perhaps appropriate. This case has pended since 1929, was tried in about 1938, appealed and remanded. It is highly desirable that the next trial should finally dispose of the case. We have endeavored to discuss all questions that may arise on a subsequent trial.

It is ordered that the case be reversed and remanded.